EBENEZER LEACH *v̂.* FAYETTE BLAKELY.

*Grand List.   Appeal from Listers.   Construction of Statute.*

On the question whether the selectmen, under the provisions of the Act of
   1855, No. 43, secs. 26, 27, are authorized to raise an assessment, on appeal,
   above the sum established by the listers; *held*, that the word " appeal," as
   used in both of the sections, denotes an application for relief, and that there-
   fore the power of either board is limited to the granting of relief by reduc-
   ing the assessment complained of, or to the denial of any relief.

TRESPASS.   The declaration alleged that the defendant, on the
15th day of July 1859, at Pawlet, in this state, assaulted,
imprisoned, and detained the plaintiff, without any reasonable
cause, and thereby compelled the plaintiff to pay the defendant
the sum of one hundred dollars, etc.   The defendant, besides
pleading the general issue, also filed a special plea, in which he
set forth, that at a meeting of the inhabitants of the town of
Pawlet, duly warned and held on the first Tuesday of March,
1859, by vote of the inhabitants a town tax of twenty-five cents
on the dollar of the grand list of the town for the year then
ensuing was raised ; that the plaintiff was an inhabitant of the
town on the first day of April, 1859, and had taxable property
therein ; that the listers of the town assessed the plaintiff for
money on hand and debts due and to become due to him, in the
sum of eight thousand dollars, of which the plaintiff was duly
notified, and also notified him that they would hear his appeal, if
aggrieved, at the town clerk's office, in the town of Pawlet, on the
tenth day of April, 1859, at 12 o'clock, noon ; that the plaintiff
appeared on that day before the listers and was heard by them
on his appeal, and, after hearing, the listers decided to assess the
plaintiff for money on hand and debts due and to become due to
him, in the sum of five thousand dollars ; that the plaintiff
appealed from the decision of the listers to the selectmen of the
town of Pawlet ; that the matter of the appeal was heard and
tried by the selectmen on the twenty-third day of April, 1859,
who, upon a consideration of the evidence, decided that the plain-
tiff be assessed for money on hand, and debts due and to become
due to him, in the sum of ten thousand dollars ; that a tax of
**twenty-five cents on the dollar was duly assessed by the select-**

Leach v. Blakely.

men in pursuance of the vote of the inhabitants of the town, amounting to the sum of twenty-five dollars on the plaintiff's list; that a tax bill, and warrant for the collection of the same, were made and placed in the hands of the defendant as first constable and collector, to levy and collect; that on the first day of July, 1859, the defendant gave the plaintiff notice of the sum in which he was assessed and that the defendant would attend at the plaintiff's dwelling house on the eighth day of July, 1861, to receive the tax; that the defendant did so attend; that the plaintiff did not attend, nor pay the tax, but neglected and refused so to do; that thereupon, the plaintiff not having any goods, chattels, or estate, to be found in the precinct of the defendant, whereon to make distress, the defendant, as such constable and collector, arrested the plaintiff, which was the supposed trespass complained of, etc.    To this plea the plaintiff filed a general demurrer.

The court, at the September term, 1860, PIERPOINT, J., presiding, adjudged *pro forma*, that the plea in bar was sufficient, and rendered judgment for the defendant, to which the plaintiff excepted.

- *E. Potter* and *H. Allen*, for the plaintiff.

- *J. B. Bromley* and *Linsley & Prout*, for the defendant.

KELLOGG, J.   The principal question which arises on the plea in bar in this case, calls for the construction of the provisions of the statute now in force, relating to the grand list, in respect to the remedy on an appeal from the listers to the selectmen by a person agrieved by an assessment made by the listers for money on hand and debts due.    (Act of 1855, No. 43, p. 53, sec. 26, 27.)   The plea states, *inter alia*, that the listers of the town of Pawlet, in the month of April, 1859, assessed the plaintiff, an inhabitant of that town, in the list of said town for that year in the sum of eight thousand dollars for money on hand and debts due and to become due to him, and that, on his appeal, the listers reduced this assessment to the sum of five thousand dollars, and that thereupon the plaintiff, feeling aggrieved by the decision of

the listers, appealed to the selectmen of that town, who, on a hearing pursuant to the statute, decided to raise the said assessment to the sum of ten thousand dollars, which last mentioned sum was thereupon entered in the list, and included in the personal estate set to the plaintiff in the list. The question is, whether the selectmen were authorized by the statute to raise an assessment, on appeal, above the sum established by the listers.

The statute provides in sec. 26, above cited, for an " appeal" from the listers to *themselves*, and, in sec. 27, for an " appeal " from the listers to the selectmen, by a person " feeling aggrieved " by his assessment or by the decision of the listers. An *appeal* in law is the removal of a matter or cause from an inferior to a superior court for the purpose of reviewing, correcting, or reversing the judgment or sentence of the inferior tribunal ; but this is not the sense which is conveyed by the use of the term in sec. 26 ; for the appeal in the first instance is to be taken from the listers, not to another board, but to *themselves*. In this section, the use of the word " appeal" clearly denotes an *application for relief*, to be obtained by a reconsideration or review of the previous action, and by a reduction of an assessment already made. The listers are not authorized, upon such reconsideration or review, to *increase* the assessment, but they may deny the relief sought. We think that the term " appeal," when applied to the same subject matter and the same proceeding, should be interpreted as having the same definition and force in both of these sections. It is true that the listers and the selectmen act in a judicial capacity in determining appeals, but if we consider the exclusive purpose of the proceeding to be an application for *relief*, it must follow that, whether taken to the listers or to the selectmen, the power of either board is limited to the granting of the relief sought by reducing the assessment complained of, or to a denial of any relief whatever. By collating these two sections with each other, it is evident that the same rule of construction which would allow the selectmen to add to an assessment on appeal would also allow the listers to add to an assessment on an appeal to them, for similar language is used in regulating and defining the duties of each board in respect to appeals.

Leach *v.* Blakely.

In our opinion, the power to increase an assessment upon appeal was not conferred by the statute upon either board, and ought not to be recognized unless found to be clearly intended by the statute. A reasonable doubt in respect to the existence of this power should be resolved against it, when it is supported only by a supposed analogy to the course of judicial proceedings on an appeal, and is not expressly granted by the statutes.

The result of this view of the case is, that the assessment of the plaintiff by the selectmen, as stated in the plea in bar, was not authorized by law, and that the tax upon the same was illegal. This conclusion being decisive against the plea in respect to its substance, we have not .considered the other objections which have been urged against it in respect to its sufficiency and form. As the demurrer to the plea should, in our judgment, have been sustained, the judgment of the county court in favor of the defendant is reversed, and the plea is adjudged insufficient, and the cause is remanded to that court for further proceedings.