CHARLES W. MILLER *vs.* JOHN T. CROSS.

Third Judicial District, New Haven, January Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

A memorandum at the foot of an injunction writ and complaint recited that the plaintiff and another inhabitant of this State had acknowledged themselves as jointly and severally bound to the defendant, in the sum of $140, to answer all damages in case the plaintiff should fail to prosecute the action to effect. *Held* that this was a sufficient compliance with § 127 of the Rules Under the Practice Act and with the provisions of §§ 896, 897 of the General Statutes, requiring the recognizance of a third party for prosecution, and prescribing how it might be noted in the writ.

In the present case the defendant pleaded in abatement that no recog-

Miller *v.* Cross.

nizance of a third party for costs had been taken before the writ was issued. *Held* that this plea was bad for uncertainty, inasmuch as it might mean that the recognizors named in the writ did not enter into a recognizance of any kind whatever, contrary to the recital of the writ, or that the acts therein recited did not constitute such a recognizance as the statutes required.

Pleas in abatement are not favored. They must be certain, positive and direct, and will not be aided by intendment or inference.

A so-called demurrer which fails to point out wherein the pleading demurred to is insufficient, is radically defective. If, however, no objection to it is made by the parties or the trial court, this court will ordinarily consider and dispose of the appeal as if the demurrer had been in the proper form.

Argued January 17th—decided February 12th, 1901.

ACTION for an injunction, brought to the Court of Common Pleas in New Haven County where the defendant filed a plea in abatement for want of a recognizance for costs, to which the plaintiff demurred ; the court, *Hubbard, J.*, overruled the demurrer, sustained the plea and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *Error, judgment set aside and cause remanded.*

The writ in this case was one of attachment and summons in the ordinary form, and contained the following memorandum : " Charles H. Miller, of New Haven, as principal, and Lewis Osterweis of New Haven, as surety, acknowledge themselves as jointly and severally bound to the defendant in the sum of $140 that the said principal and surety shall answer all damages in case the plaintiff shall fail to prosecute this action to effect." The principal named in the memorandum was the plaintiff in the case.

The defendant filed the following plea in abatement: " The defendant pleads in abatement because said action was commenced by *mesne* process, consisting of a writ and complaint dated November 27th, 1900, signed by Jacob B. Ullman, a commissioner of the Superior Court for New Haven county, and was issued without any recognizance of a third party for costs having been taken, and without the authority signing the writ certifying thereon that he had personal knowledge as to the financial responsibility of the plaintiff and deemed

it sufficient; and said process was thus issued in violation of the rule (§ 127) in such case made and provided, and should not have been issued until the recognizance of a third party for costs had been taken, or unless the authority signing the said writ should have certified thereon that he had personal knowledge as to the financial responsibility of the plaintiff and deemed it sufficient."

To this plea the plaintiff filed the following: "The plaintiff demurs to the defendant's plea in abatement, and for causes of demurrer assigns as follows: 1. The plaintiff complied with the statute, § 1275, in relation to a temporary injunction, in giving surety for the beginning of this action. 2. Section 127, Rules of Court, has nothing to do with the beginning of an action calling for a temporary injunction, if a bond following the statute is given. 3. The recognizance in the original writ is sufficient in law to answer § 127, Rules of Court."

The court overruled the demurrer, sustained the plea, and rendered judgment for the defendant. The action of the court in overruling the demurrer and in sustaining the plea is assigned for error on this appeal.

*Jacob B. Ullman*, for the appellant (plaintiff).

*Charles S. Hamilton*, for the appellee (defendant).

TORRANCE, J. Before the writ in this case could be issued, the law required either (1) that the magistrate should certify thereon that he had personal knowledge as to the financial responsibility of the plaintiff and deemed it sufficient, or (2) that some substantial inhabitant of this State alone, or with the plaintiff, should enter into a recognizance to the defendant, conditioned that the plaintiff should prosecute his action to effect and answer all damages in case he made not his plea good, and that such fact should be noted in the writ. Rules under Practice Act, § 127; General Statutes, §§ 896, 897. A recognizance of this kind is an obligation of record, acknowledged before some court or person duly au-

thorized to take such acknowledgment, conditioned to do some particular act; Anderson's Law Dictionary; 1 Sw. Dig. 376; and such a recognizance is a bond. *Lovejoy* v. *Isbell,* 70 Conn. 557, 559. The statute (§ 897) provides, in effect, that when a bond of prosecution is taken under § 896, that fact may be "noted" in the writ in a prescribed but simple form of words, or in any form of words of like import. In the case at bar we think the memorandum "noted" in the writ as to the giving of a bond of prosecution, fully complies with the requirements of this statute. It thus appears, *prima facie* at least, from the writ itself, that a proper bond of prosecution was taken before the writ was issued, and that it was not the bond of the plaintiff alone. This being so, the certificate required by the rule (§ 127) was not necessary.

The plea in abatement, in form at least, alleged that no recognizance of a third party for costs had been taken before the writ was issued. It was the duty of the plaintiff to meet this plea either by a demurrer or by an answer. He did not meet it by an answer, and it can hardly be said that he met it by a demurrer. A demurrer neither asserts nor denies any matter of fact; it merely in effect advances a legal proposition, namely, that the pleading demurred to is insufficient in law to maintain the case of the adverse party; and under our practice all demurrers must distinctly specify the reasons why the pleading demurred to is insufficient. The so-called demurrer to the plea in abatement filed in this case does not specify the reasons why the plea is insufficient; indeed, after stating that the plaintiff demurs to the plea in abatement, the demurrer never again alludes to the plea; it asserts that the recognizance in the writ is sufficient in law, but it nowhere states any reason why the plea is insufficient in law. No objection, however, appears to have been taken to this in the court below, and the case seems to have been considered and disposed of there just as if a proper demurrer to the plea had been interposed. Under these circumstances, we think this court should consider and dispose of the appeal just as if a proper demurrer had been filed in the court below.

Regarding the case in this way, the question is whether

the plea is sufficient in law. It does not deny, and consequently admits, that the fact that a bond of some kind was taken is noted on the writ; and it does not in terms deny, and consequently admits, that the facts stated in the writ, as to the taking of a bond of some kind, are true. It alleges that the writ " was issued without any recognizance of a third party for costs having been taken ; " but it does not in terms deny, and consequently admits, that the plaintiff and Mr. Osterweis appeared before the magistrate and did just what the writ says they did. Under these circumstances the above allegation is ambiguous and uncertain. It may mean, either that the recognizors named in the writ did not enter into any recognizance of any kind at all, contrary to what is alleged in the writ, or it may mean that what it appears by the writ they did do, did not constitute such a recognizance for costs as the statute requires.

The court below took this last view of the allegation, for it says in the memorandum decision, not that no recognizance was taken, but that " the bond furnishes the defendant no ground for the recovery of his costs in case plaintiff should fail to prosecute his action to effect, and should not make his plea good; it therefore fails to comply with § 896 of General Statutes, and is in violation of § 127 of Rules under the Practice Act." In this we think the court erred, for we hold that the writ shows upon its face that a proper recognizance for costs was taken.

The plea in abatement was, in any aspect of it, bad for uncertainty, and in one aspect of it was inconsistent with facts appearing of record, which, by not denying, it admitted to be true. "Pleas in abatement are not favored. They must be certain, positive, and direct. They cannot be aided by intendment or inference." *Budd* v. *Meriden Electric R. Co.*, 69 Conn. 272, 283.

We think the court erred in sustaining the plea in abatement, and for this reason the judgment appealed from is set aside and the cause remanded to the court below to be proceeded with according to law.

In this opinion the other judges concurred.