PERRY H. CORNWALL vs. THE CITY OF HARTFORD.

First Judicial District, Hartford, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A complaint which merely alleged that an employee of the defendant city, while driving an ash cart, collided with an automobile operated by the plaintiff and that it was the custom of the city to collect ashes and rubbish from the residences of its inhabitants, was not sufficient, upon demurrer, to raise the question whether the defendant was then engaged in the performance of a governmental duty, in the absence of an allegation showing that, at the time of the collision, the driver of the cart was actually removing ashes or doing other work for the defendant or that the nature of his employment was such as to involve the rule of governmental immunity.

A demurrer upon the ground that "no actionable negligence is alleged in the complaint" and that no liability is "imposed by law upon the defendant for the acts alleged," is general and not special and is, therefore, bad.

Argued January 3d—decided February 28th, 1928.

ACTION to recover damages for injuries to the plaintiff's automobile, alleged to have been caused by the negligence of the defendant, brought to the Court of Common Pleas for Hartford County where the defendant's demurrer to the complaint was sustained (*Molloy, J.*) and, upon the refusal of the plaintiff to plead further, judgment was rendered for the defendant, from which the plaintiff appealed. *Error and cause remanded.*

*John C. Blackall,* with whom, on the brief, was *David R. Woodhouse,* for the appellant (plaintiff).

*Louis B. Rosenfeld,* with whom, on the brief, was *W. Arthur Countryman, Jr.,* for the appellee (defendant).

WHEELER, C. J. The complaint alleges that the plaintiff, while operating his automobile upon a highway under the sanction of statutory regulations and with due care, was run into by an employee of defendant while driving an ash cart. To this complaint the defendant demurred on July 29th, upon these grounds: (1) "No actionable negligence is alleged in the plaintiff's complaint. (2) It appears from the complaint that at the time of the accident set forth therein the defendant was engaged in the performance of a governmental duty. (3) It does not appear that any liability is imposed by law upon the defendant for the acts alleged."

On October 15th, following, plaintiff amended his complaint by adding that, "At said time and for some time previous thereto it was and had been its [the defendant's] custom and practice to collect ashes and rubbish from the residences of the inhabitants of the city of Hartford."

Nothing appears of record indicating that the defendant's demurrer was again filed to the amended complaint, or that it elected to stand upon the demurrer already filed. The court sustained the demurrer for the reasons stated therein, holding that the removal of ashes was a governmental duty, and plaintiff appeals from this ruling.

On examining the complaint we find no allegation that the driver of this ash cart at the time of the accident was engaged in the removal of ashes, or that he was even engaged upon work of the defendant.

The parties assume that the point to be decided is, whether the collection of ashes and rubbish by the city of Hartford from the residences of the city of Hartford is a governmental function.

That question does not arise upon the allegations of the complaint, and could not arise, in the absence

of an allegation showing that the injury arose while the driver was engaged in his employment for the defendant and that the nature of his duty brought it within the rule of immunity because he was engaged in the performance of a governmental duty. Since the complaint fails to allege facts from which the defendant's liability for the driver's negligence could be inferred, it would have been subject to demurrer upon this ground.

The ground of demurrer that the defendant was engaged in the performance of a governmental duty does not arise upon the facts alleged in the complaint.

The other two grounds of demurrer are general and not special and for that reason worthless as valid grounds of demurrer. General Statutes, §5631; *Norwalk* v. *Ireland,* 68 Conn. 1, 6, 35 Atl. 804; *Cook* v. *Morris,* 66 Conn. 196, 205, 33 Atl. 994; *Bristol* v. *New England R. Co.,* 70 Conn. 305, 318, 39 Atl. 235; *Miller* v. *Cross,* 73 Conn. 538, 541, 48 Atl. 213.

The demurrer should have been overruled. If counsel desired to waive the failure of plaintiff to allege that the driver was at the time of the collision engaged in his employment with the defendant and to raise simply the point of governmental immunity, it should have answered by pleading the facts disclosing this condition. The plaintiff could then have demurred to the answer upon this ground.

The question the parties desire to have determined is not a difficult one to decide if this driver was at the time of the accident engaged in the removal of ashes and rubbish for defendant, but we do not feel that the irregularity in the pleading should be countenanced, or that we ought to determine the case upon a point which, upon this record, is not before us.

There is error and the cause is remanded to the

Court of Common Pleas to be proceeded with according to law.

In this opinion the other judges concurred.