## PHILIP CIERI
*vs.*
## CITY OF HARTFORD

Superior Court      Hartford County      File No. 60824

MEMORANDUM FILED NOVEMBER 23, 1940.

*Edward Seltzer,* and *Julius B. Schatz,* of Hartford, for the Plaintiff.

*Vincent W. Dennis,* Corporation Counsel, and *Harold Borden,* Assistant Corporation Counsel, of Hartford, for the Defendant.

CORNELL, J. The demurrer assigns as a reason therefor that the first count of the complaint is insufficient to state a cause of action against the defendant city, in that it alleges negligence on the defendant's part "when it appears from the complaint that the defendant was engaged at the time in the performance of a governmental duty."

A municipality may under some conditions be liable for negligence to individuals. As applied to the allegations re-cited in the instant case, for example, if the park, or the por-tion of it where the swing upon which plaintiff alleges he sustained his injuries, was operated for the defendant's cor-porate benefit or profit, as distinguished from a performance of a duty wholly for the benefit of the public; governmental immunity would not, or, at least, might not, attach. *Hannon vs. Waterbury,* 106 Conn. 13, 17.

The only light shed by the allegations of the complaint as to whether Colt's Park, or the part of it where the swing was, was operated by the defendant in a public or corporate role, is the statement that such park "is maintained by the City of Hartford for the use of the public." That might be

as true in the one case as the other. In short, the complaint, in the meagre treatment it gives that phase of the matter, does not exclude an enterprise as a profit making venture and is sufficiently sparse in what it states on that subject to permit the adduction of evidence which, if believed by the trier, would make the doctrine of governmental immunity inap-plicable. There is thus presented a possible question of fact which makes the first count immune from successful attack by demurrer.

Demurrer overruled.