CHARLES W. TURRILL *v.* GEORGE C. ERSKINE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

■■■■■■

Argued June 10—decided July 9, 1947

*Louis Feinmark,* with whom was *Lester H. Aaronson,* for the appellant (plaintiff).

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellees (defendants).

MALTBIE, C. J. The plaintiff brought this action to secure an order requiring the defendant Erskine, superintendent of the Connecticut Reformatory, to reinstate him in an employment from which the superintendent had dismissed him and requiring the defendant Scoboria, the personnel director of the state, to restore him to the roster of state employees. The defendants demurred to the complaint as finally amended, the demurrer was sustained and, upon the plaintiff's failure to plead further, judgment was rendered for the defendants. The plaintiff has appealed. The primary issue presented is the validity and effectiveness of a section of the merit system law which, in its entirety, provides: "Any person holding a position in the classified service who shall be demoted, suspended, fined or dismissed, may appeal to the personnel appeal board. An employee dismissed for the reason of economy or lack of work may appeal only on the ground that the order of dismissal has not been determined by the service ratings of employees, as required in section 678e." General Statutes, Sup. 1943, § 427g. A secondary question is the right of the plaintiff, in view of that statute, to maintain this action.

The complaint alleged that the plaintiff was employed as guard at the reformatory and was within the classified service of the state and entitled to the benefits of the law establishing a merit system for state employees; that he was served with a notice of suspension from his employment and of a subsequent discharge, with the result that his employment was terminated and his name removed from the roster of state employees; and that the suspension and discharge were made arbitrarily, capriciously,

illegally and without proper or legal cause, in violation of the merit system law. By an amendment to the complaint the plaintiff further alleged that, in attempting to comply with that law, he filed an appeal with the personnel appeal board created by it, but that the board failed to determine whether or not his dismissal was justified, or whether or not he should be reinstated or the punishment inflicted upon him should be modified. The amendment then went on to state that the board was without power to take such action and anything it did would be a nullity; that the right of appeal to the board given in the statute was valueless to the plaintiff; and that the statute provides no valid remedy against an arbitrary, capricious or illegal discharge or suspension. The allegations of fact in the amended complaint were admitted by the demurrer.

The trial court sustained the demurrer upon the basis of its first paragraph. That merely alleged that the plaintiff was within the merit system law and subject to its provisions, and that he was discharged by the superintendent. The trial court based its ruling upon certain cases in which we have held that one cannot appeal to the courts under a statute and on that appeal claim the statute to be invalid. The first paragraph of the demurrer did not raise that issue. In the Practice Act of 1879 it was provided, and still is, that a demurrer "shall distinctly specify the reason or reasons why the pleading demurred to is insufficient." General Statutes § 5507. A trial court should not, in passing upon a demurrer, consider other grounds than those specified. See *Cornwall* v. *Hartford,* 107 Conn. 351, 353, 140 A. 723; *Foote* v. *Branford,* 109 Conn. 358, 361, 146 A. 723. That aside, in making its ruling the trial

court overlooked the fact that this proceeding is not an appeal from any administrative officer or board acting under the merit system law but is an action outside and independent of that law. In such a situation the principle upon which the trial court relied has no application. Whether or not the action can be maintained depends on other principles. If, for example, the plaintiff is right in his contention that the appeal board under the merit system law had no power to afford him any relief, the question whether he could maintain an action at law to protect his rights would be decided upon the principles applicable to the doctrine of election of remedies. *National Transportation Co.* v. *Toquet*, 123 Conn. 468, 478, 196 A. 344. The trial court was in error in sustaining the demurrer upon the ground it stated.

If, however, any other of the grounds specified in the demurrer was well taken, we would be justified in upholding the decision of the court. *Azzolina* v. *Sons of Italy*, 119 Conn. 681, 689, 179 A. 201; Conn. App. Proc., p. 53. One ground of demurrer was that it appeared from the allegations of the complaint as amended that the plaintiff's grievance, if any, is against the appeal board and not the defendants; and in their brief they make clear their claim that under the allegation that the board had failed to act upon the appeal the plaintiff's proper remedy was by mandamus to compel it to act. *State ex rel. Redgate* v. *Walcott*, 125 Conn. 160, 165, 3 A. 2d 852; *Slessinger* v. *Fairley*, 340 Pa. 273, 277, 16 A. 2d 710. A consideration of this ground of demurrer necessarily involves a determination of the question whether the statute providing for an appeal was effective to give the personnel appeal board power to afford relief

to the plaintiff on the ground that he was improperly suspended and discharged.

In dealing with its own employees the state has broad powers. So far as appears, the plaintiff's employment was for an indefinite time and, apart from the statute, he might have been discharged at any time; *Emerick* v. *Connecticut General Life Ins. Co.*, 120 Conn. 60, 65, 179 A. 335; and except for that statute he had no vested right to continue in his employment. The state, in adopting the merit system law, in effect voluntarily established conditions governing, among other things, the suspension or discharge of its employees, with the purpose of protecting them against unjustified suspension or dismissal. The extent to which such protection should be afforded rested entirely in the discretion of the General Assembly. The provision for an appeal is an integral part of the law establishing the conditions upon which an employee may be suspended or dismissed. We do not approach the question from the same standpoint that we would necessarily adopt had the appeal been intended to afford protection of rights vested in a party by other statutes or the common law. The merit system statute in effect writes into the contract of each employee the conditions which it embodies. All that is required is that the statute should establish those conditions with reasonable certainty.

The word "appeal" in itself means "the removal of a cause from a lower to a higher tribunal for re-trial or review." *Greenwoods Co.* v. *New Hartford,* 65 Conn. 461, 464, 32 A. 933. In *Leach* v. *Blakely,* 34 Vt. 134, cited in the *Greenwoods* case, a statute provided for an appeal in tax assessment proceedings to the selectmen of a town by any aggrieved

person without specifying what action they could legally take on such an appeal, and the court held (p. 136) that the word "appeal" denoted an application for relief to be obtained by a reconsideration or review of the assessment and a possible reduction in it, but that under the particular provisions of the statute it did not permit an increase in the assessment. The Supreme Court of Kansas in *Nash* v. *Glen Elder,* 74 Kan. 756, 88 P. 62, had before it the question of the powers of a court under a statute granting an "appeal" from orders of county commissioners in extending the boundaries of a city; the statute in no way specified what action might be taken upon the appeal; the court said (p. 760) that the word "appeal" in ordinary parlance had no fixed or definite meaning and when employed in a statute was to be construed according to the usual rules; and it was held that the order of the commissioners, in so far as it involved a judicial determination, was to be considered by the court, and if it found that the commissioners had erred in that respect the order should be set aside. In *Rockford* v. *Compton,* 115 Ill. App. 406, a question was presented as to the power of a court under a statute which gave an appeal to the courts to any person aggrieved by an order of a board of fire and police commissioners without specifying the particular function the court was to perform, and it was held (p. 417) that the court properly reversed the order of the board and adjudged it null and void.

The only provisions in the merit system law which concern the dismissal or suspension of employees are the following: An appointing authority may dismiss any employee in the classified service "when he shall consider the good of the service will be served

thereby," with further provisions that written notice of the dismissal shall be given the employee at least two weeks in advance of his dismissal and a copy of the notice filed with the personnel director, and that the notice shall give the reasons for the dismissal in sufficient detail to show whether the discharge was for incompetency or other reasons relating to the effective discharge of his duties by the employee; General Statutes, Cum. Sup. 1939, § 688e; that a system of merit ratings shall be established, to be used "in determining the order of lay-off when forces shall be required to be reduced because of lack of funds or work"; Cum. Sup. 1939, § 678e; Sup. 1945, § 474h; and that the personnel director may, "for disciplinary purposes, provide, by regulation, for the suspension without pay or with reduced pay, for an aggregate period not to exceed sixty days in any calendar year." Cum. Sup. 1939, § 686e. There can be no question that, in providing a right of appeal to the board, the state intended that any employee dismissed should be entitled to have determined whether the discharge was in accordance with the provisions of the statutes, and that any employee suspended should have the right to a decision by the board as to whether that suspension was in accordance with regulations adopted by the personnel director. We, therefore, construe the statute in question as authorizing the personnel appeal board to review the action of an appointing authority in suspending or discharging an employee to that extent; if the board finds that the appointing authority acted improperly, it may adjudge the removal or suspension to be invalid. In the absence of specific authority, however, that is the limit of its power. It could not go further, as, for example, in modifying the action of

the appointing authority by directing a greater or less period of suspension. Should the board determine the action of the appointing authority to be improper and, therefore, a nullity, and that authority should fail to reinstate the employee, mandamus would lie to compel that to be done. *Thompson* v. *Troup,* 74 Conn. 121, 124, 49 A. 907; *State ex rel. Comstock* v. *Hempstead,* 83 Conn. 554, 556, 78 A. 442.

If, as the amended complaint alleges, the appeal board has failed to act on the plaintiff's appeal to it, the proper action would be, as stated above, a proceeding in mandamus against it to compel it to decide the appeal. As we said in *State ex rel. Levy* v. *Pallotti,* 133 Conn. 337, 344, 51 A. 2d 136: "The Merit System Act contains no provision for an appeal to the courts from any decision of the personnel appeal board, and, if it acts within the power conferred upon it, its decision is final and conclusive." The amended complaint does not allege any grounds sufficient to invoke the power of the court to order the reinstatement of the plaintiff. The demurrer was properly sustained.

There is no error.

In this opinion the other judges concurred.