ALBERT N. COVINO *v.* BRUCE B. PFEFFER ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued November 3—decided December 29, 1970

*William L. Tobin,* for the appellants (defendants).

*Thomas L. Brayton,* with whom, on the brief, was *Walter R. Griffin,* for the appellee (plaintiff).

SHAPIRO, J.   The plaintiff, a real estate broker, sued to recover a commission upon the sale of property subject to a written exclusive sale agreement.   The defendants, former owners of the property subject to this agreement, demurred to the complaint.   The trial court overruled the demurrer. Thereupon the defendants filed their answer.   Upon trial, the issues were found for the plaintiff and judgment was rendered in his favor.   The defendants have appealed and assigned a number of errors. We take up first the assignment of error relating to the overruling of the demurrer.

In passing on the demurrer, the court will not consider other grounds than those specified.   *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198; *Turrill* v. *Erskine,* 134 Conn. 16, 19, 54 A.2d 494.   The defendants demurred to the complaint on the ground that it did not state a cause of action since it did not allege (1) that the plaintiff was the procuring cause of the sale; (2) that there was a specifically enforceable agreement to sell the subject property during the term of the exclusive listing period; (3) that there was any collusion between the defendants and the purchaser or any other fraud practiced against the plaintiff; (4) that the defendants rendered themselves unable to convey or that they refused to convey the subject premises to any buyer procured by the plaintiff who was ready, willing and able to purchase the premises, or that the defendants in any other way frustrated the plaintiff in earning a commission on the sale of the subject property during the term of his exclusive sale agreement.

"A demurrer tests whether the allegations of a complaint state a good cause of action." *Senior* v. *Hope,* 156 Conn. 92, 96, 239 A.2d 486. A demurrer admits all facts well-pleaded. *Cyr* v. *Brookfield,* supra; *Weaver* v. *Ives,* 152 Conn. 586, 589, 210 A.2d 661. If any facts provable under the allegations of a complaint would support a cause of action, a demurrer must fail. *Senior* v. *Hope,* supra, 98; *Cyr* v. *Brookfield,* supra; *Benson* v. *Housing Authority,* 145 Conn. 196, 199, 140 A.2d 320.

Thus testing the complaint, the following facts are taken as admitted. On April 11, 1968, the plaintiff and the defendants entered into a written exclusive sale agreement by the terms of which the plaintiff had the exclusive right to sell the defendants' property for a period of ninety days. The plaintiff was entitled to a commission of 6 percent of the sale price if he found a customer ready, willing and able to purchase the property at the price of $18,000 or at a figure acceptable to the defendants. During the ninety-day period, the defendants agreed to sell the property to a customer procured by one of the defendants or by a person other than the plaintiff. During the ninety-day period, the plaintiff made reasonable efforts to sell the property. On August 8, 1968, the sale of the defendants' property was consummated by a conveyance for the sum of $17,500. The question for determination, therefore, is whether a complaint which alleges these facts fails because of the grounds specified by the defendants in their demurrer.

The owner in a contract giving a broker the exclusive sale of property agrees that he will not sell his property during the life of the contract to any purchaser not procured by the broker. *Harris* v. *McPherson,* 97 Conn. 164, 167, 115 A. 723. The

owner, in such a contract, makes the broker the only medium through which a purchaser can be procured during its life. *Harris* v. *McPherson,* supra, 167, 168. The owner agrees not only to exclude another agent, but also himself from procuring a purchaser. *Harris* v. *McPherson,* supra, 168. The broker is entitled to his commission as damages for the breach of an exclusive sale contract, if during the life of such a contract, the owner sells the property to a purchaser procured by his own efforts, or by other agents, or if the broker during such period produced a customer ready, able and willing to buy the property. *Harris* v. *McPherson,* supra, 171.

That the complaint does not allege that the plaintiff was the procuring cause of the sale is inconsequential. *Harris* v. *McPherson,* supra, 168, 171. That the complaint does not allege that the defendants and the purchaser entered into a specifically enforceable agreement of sale during the exclusive ninety-day period is also of no importance. During the life of an exclusive sale contract, an agreement between the owner and the ultimate purchaser to sell and buy, whether or not specifically enforceable, gives rise to a cause of action on the part of an exclusive broker who uses reasonable efforts to sell the property. To place any other interpretation on the meaning of "sale" in an exclusive sale contract would encourage connivance. That the complaint does not allege any type of fraud is of no moment since the complaint sounds in contract and not in tort. Finally, that the complaint does not allege the other facts specified by the defendants in their demurrer is also of no moment in view of our determination that the complaint states a cause of action. The demurrer was properly overruled.

The defendants originally assigned a number of

errors in portions of the court's finding of subordinate facts and in its conclusions. Most have not been pursued in their brief and, therefore, these are treated as abandoned. *Martin* v. *Kavanewsky,* 157 Conn. 514, 516, 255 A.2d 619; *Katz* v. *Brandon,* 156 Conn. 521, 524, 245 A.2d 579. We consider the assignment of error pursued, relating to the court's conclusion that the defendants, during the term of their agency agreement with the plaintiff, made an agreement to sell their property to Willie Barnes, the ultimate purchaser. This attacked conclusion is to be tested by the finding and it must stand unless it is legally or logically inconsistent with the facts found or unless it involves the application of some erroneous rule of law material to the case. *Mayock* v. *Martin,* 157 Conn. 56, 62, 245 A.2d 574, cert. denied, 393 U.S. 1111, 89 S. Ct. 924, 21 L. Ed. 2d 808; *Commission on Human Rights & Opportunities* v. *Veneri,* 157 Conn. 20, 23, 244 A.2d 401.

The facts as found reveal the following: On April 11, 1968, the plaintiff and the defendants entered into the aforementioned written exclusive sale agreement which terminated on July 11, 1968. During the last week of June, 1968, Barnes, the ultimate purchaser, was seen at the defendants' property. On a second occasion, Barnes was admitted into the defendants' house by the defendant Bruce B. Pfeffer. During this second occasion, the named defendant showed Barnes the boundary lines of the property. He also indicated to Barnes that he would wait for him to make the next move and that he (Pfeffer) could be out in no time. On or about July 7, 1968, this defendant knew that Barnes would buy his house. On July 9, 1968, Barnes applied for a mortgage loan in the amount of $13,500 and also made application, dated July 9, 1968, for a mortgage

for the purchase of the defendants' house at the price of $17,500. The house was sold for $17,500. Since the facts as found are not legally or logically inconsistent with the attacked conclusion, this conclusion cannot be said to be erroneous.

The defendants have pursued several other assignments of error relating to the court's conclusions. However, we need not review these conclusions since they would not affect the final result. *Fritz* v. *Mazurek,* 156 Conn. 555, 561, 244 A.2d 368; *Goldstein* v. *Hartford,* 144 Conn. 739, 740, 131 A.2d 927.

The defendants assign error in the overruling of their claims of law. These present essentially the same issues raised by the defendants in their demurrer. We limit our discussion to one of the defendants' claims. As already stated, if an owner, during the life of an exclusive sale contract, sells the subject property, the exclusive broker is entitled to his commission. *Harris* v. *McPherson,* 97 Conn. 164, 167, 171, 115 A. 723. The defendants claim that the owner shall not be deemed to have sold the property which is the subject of an exclusive sale contract unless and until negotiations with the prospective purchaser have been consummated into a binding and enforceable contract for sale. This merely rephrases one of the grounds specified by the defendants in their demurrer. With this claim we do not agree. In view of the facts found, the court correctly decided that the defendants sold the subject property during the life of the exclusive sale contract. There was no error in overruling the defendants' claims of law.

The defendants assign error in the trial court's admission into evidence of the mortgage application, hereinafter referred to as exhibit C. They are confined to their objection made at the trial. *Salvatore*

v. *Hayden,* 144 Conn. 437, 443, 133 A.2d 622. At the trial the defendants, while conceding the admissibility of exhibit C as a business entry, objected to its admissibility on the ground of its irrelevancy. Therefore, the sole question before us is whether this exhibit should have been excluded because of the ground urged by the defendants.

The defendants here claim that exhibit C was offered as evidence of the agreement for the purchase and sale of their property. With this we agree. The defendants also claim that the probative value of the exhibit for the purpose for which it was offered was so remote as to render it irrelevant. With this we do not agree.

"One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable." *State* v. *Sebastian,* 81 Conn. 1, 3, 69 A. 1054; *State* v. *Towles,* 155 Conn. 516, 523, 235 A.2d 639. "On the matter of admissibility, it rests in the discretion of the court to determine whether the evidence offered conduces in any reasonable degree to the establishment of the probability or improbability of the fact in issue." *Pitt* v. *Kent,* 149 Conn. 351, 357, 179 A.2d 626. It cannot be said that exhibit C when taken in connection with the facts as found does not tend in any reasonable degree to render the existence of the agreement more probable.

The remaining assignments of error are without merit and warrant no discussion.

There is no error.

In this opinion the other judges concurred.