The plaintiff, a real estate broker, brought this action to recover a commission upon the sale of real estate owned by the defendants. The defendants gave the plaintiff an exclusive right to sell their property for three months. While the agreement was still in effect, the defendants themselves consummated a sale of the property to a third party.
The defendants claim that the brokerage agreement was canceled or rescinded prior to the sale by mutual consent of the parties. In response to this claim, the plaintiff alleges a fraudulent misrepresentation by the defendants in their purported withdrawal of the property from sale.
At the conclusion of the evidence, the defendants moved for a directed verdict on the ground that the plaintiff had neither alleged nor proved that he was a licensed real estate broker entitled to recover any commission. The court denied the motion and allowed the plaintiff to amend his complaint to allege that he was duly licensed at the time of the exclusive listing. *Page 511 
The defendants submitted a request to charge the jury that in order to recover, the plaintiff must prove that he would have been able to sell the property before the expiration of the exclusive agreement. The trial judge denied this request to charge, and the jury returned a verdict for the plaintiff in the amount of $5178.24. The defendants have appealed from the judgment on this verdict. The plaintiff has filed a cross appeal claiming that the court erred in refusing to instruct the jury that in an action for fraud the plaintiff can recover attorney's fees.[2]
The defendants claim that the trial court erred in refusing to set aside the verdict. The gravamen of this claim is that the plaintiff neither alleged nor proved that he was a licensed real estate broker which, under General Statutes 20-312[3] and20-325a,[4] is a condition precedent to his right of *Page 512 
recovery. The plaintiff, on the other hand, maintains that 20-325a was enacted to prevent unlicensed brokers from transacting business in the state and not to prohibit recovery of commissions by licensed brokers; therefore, the defendants have the burden of pleading and proving that the plaintiff was unlicensed.
We need not decide this issue, however, for the reason that the plaintiff, with the permission of the court, amended his complaint to include an allegation that he was duly licensed. This was done at the close of the evidence on request of the plaintiff to conform the allegations to the evidence before the jury.[5] Having alleged by his amended complaint that he was a duly licensed real estate broker, the plaintiff, in any case, adopted and assumed the burden of proving this necessary allegation. tait LaPlante, Handbook of Connecticut Evidence 4.2(b).
"Our primary concern in reviewing the action of the trial court on a motion to set aside a verdict is to determine whether the court abused its discretion." Desmarais v. Pinto, 147 Conn. 109,110, 157 A.2d 596 (1960). The test for determining whether there has been an abuse of such discretion was enunciated in Novella v. Hartford Accident 
Indemnity Co., 163 Conn. 552, 555, 316 A.2d 394
(1972): "In reviewing the decision of the trial court, `we consider the evidence in the light most favorable to the sustaining of the verdict.' . . . If the jury could reasonably have reached their conclusion the verdict must stand . . . . The concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony, is a powerful argument for sustaining the action of the trial court.'" (Citations omitted.) *Page 513 
We find that there was sufficient evidence adduced at trial from which the jury could reasonably have found that the plaintiff was a licensed real estate broker. He had been in the real estate brokerage business for thirteen years. He was a member of several realtors professional associations. Moreover, the brokerage agreement between the parties contained a clause providing that the commission was "payable upon sale, exchange or other transfer of said property, or within three months after the termination of this agreement if the sale, exchange or other transfer is to a prospect to whom you had offered said property prior to the expiration of this agreement providing said property has not been subsequently listed exclusively with another licensed Real Estate Broker." (Emphasis added.) We find, therefore, that the trial judge correctly denied the motion to set aside the verdict.
The remaining claim raised by the defendants is that the court erred in refusing to instruct the jury that in order to earn his commission, the plaintiff had to prove that he would have been able to sell the property before the expiration of the exclusive brokerage agreement. We do not agree. "The broker is entitled to his commission as damages for the breach of an exclusive sale contract, if during the life of such a contract, the owner sells the property to a purchaser procured by his own efforts, or by other agents, or if the broker during such period produced a customer ready, able and willing to buy the property. Covino v. Pfeffer, 160 Conn. 212, 215,276 A.2d 895 (1970). There is no requirement, as asserted by the defendants, that the plaintiff must prove that he would have been able to sell the property during the period of the contract had the defendants not breached their sale agreement. Accordingly, we find that the trial judge did not err in refusing to give the requested charge. *Page 514 
In his cross appeal, the plaintiff claims that the court erred in denying his request to charge the jury that if they found the defendants guilty of fraud, they should award attorney's fees. While it is true that punitive damages and attorney's fees may properly be awarded in actions for fraud; see Brower v. Perkins, 135 Conn. 675, 680-81,68 A.2d 146 (1949); the trial judge need not so instruct the jury where there is no evidence to support such a claim. "It is the duty of the court to submit to the jury no issue foreign to the facts in evidence or in respect to which no evidence has been offered." Goggins v. Reinzo Trucking Co.,166 Conn. 240, 246-47, 348 A.2d 569 (1974). Fraud is not to be presumed and must be strictly proved by clear, precise and unequivocal evidence. DeLuca v. C. W. Blakeslee Sons, Inc., 174 Conn. 535, 546,391 A.2d 170 (1978).
The record in this case reveals no evidence of fraud on the part of the defendants. Thus, we find that the trial judge was correct in refusing to instruct the jury on the issue of attorney's fees as requested by the plaintiff.
 There is no error.
In this opinion DALY and COVELLO, Js., concurred.