[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS TOWN OF THOMASTON, EUGENE McMAHON AND RICHARD THOMPSON'S MOTION TO STRIKE
This action arises out of an accident which occurred April 20, 1988 in the town of Thomaston. The plaintiffs William E. Espowood, conservator of the estate of James Francis Smith and Barbara Elaine Smith allege that the plaintiff's incapable was operating a truck on premises owned by the third party defendant, Whyco Chromium Company, Inc., and was struck by a freight train while crossing a private rail crossing.
Before the court is the defendants, Town of Thomaston, Eugene McMahon and Richard Thompson's motion to strike counts two, three and four of the complaint because the plaintiffs have failed to state a cause of action under Connecticut General Statutes 13b-292 and also because these defendants are immune from liability.
At oral argument on the subject motion to strike before this court the parties agreed that the subject motion to strike dated May 10, 1990 should be construed as being addressed to the CT Page 2456 plaintiffs' amended complaint dated July 2, 1990.
The first count of the plaintiffs' amended complaint is addressed to the defendants Springfield Terminal Railway Co., Boston and Maine Corporation and Marc Belliveau. The subject motion to strike does not address the first count.
The second count of the plaintiffs' amended complaint is addressed to the defendant town of Thomaston (hereinafter "town") and alleges that the defendant town violated Connecticut General Statutes 13b-292 (b) by failing to erect and maintain traffic control devices at the private rail crossing, and by failing to require the party that owns the private rail crossing to erect and maintain traffic control devices.
The third count of the plaintiffs' amended complaint is addressed to the defendants Eugene McMahon and Richard Thompson. It alleges that the defendant McMahon was the first selectman of the town of Thomaston on the date of the subject accident, and that the defendant Thompson was the town's superintendent of highways on that date. It further alleges that these two individual defendants were charged with the duty of enforcing Connecticut General Statutes 13b-292 (b) and that they were negligent in failing in various ways to enforce the statute, and that they failed to exercise reasonable care under the circumstances.
The fourth count of the plaintiffs' amended complaint is addressed to the defendant town of Thomaston and alleges that the town is liable under Connecticut General Statutes 7-465 to pay all sums of money which the defendants McMahon and Thompson became obligated to pay the plaintiffs.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion. Meredith v. Police Commission, 182 Conn. 138, 140
(1980). The court also is limited to the facts alleged in the plaintiffs' complaint, which must be construed most favorably to the plaintiffs. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). "The trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). While the motion to strike admits all well-pleaded facts, it does not admit the truth or accuracy of opinions or legal conclusions stated in the pleading. Mingachos, supra, 108.
The defendants town, McMahon and Thompson (hereinafter the "municipal defendants") state as their first ground for CT Page 2457 their motion to strike the second and third counts of the amended complaint that the plaintiffs fail to allege a legally sufficient cause of action under Connecticut General Statutes13b-292 (b).[1] The reason given for the claimed insufficiency is that the plaintiffs have not alleged that the state traffic commission (hereinafter "STC") and/or state commissioner of transportation (hereinafter "DOT") had prescribed the nature of traffic control devices to be installed at this private rail crossing in compliance with Connecticut General Statutes13b-292 (d).[2] The municipal defendants assert that any duty on the part of the town pursuant to Connecticut General Statutes13b-292 (b) did not exist unless and until the STC and the DOT complied with Connecticut General Statutes 13b-292 (d) and that, therefore, the state's compliance with subsection (d) is a necessary allegation. The municipal defendants cite no authority for this proposition.
There is no provision in the statute specifically making action on the part of the STC or DOT a condition precedent to the duty imposed on the town pursuant to Connecticut General Statutes 13b-292 (b) so as to require, as a matter of law, that the plaintiffs make such an allegation. Further, the exact nature of the relationship between the town and the STC and DOT created by this statute can be determined only after additional evidence is presented to the court. In particular, evidence of the terms of any regulations or procedures established by the state in furtherance of this statute are necessary in order for the court to determine whether the state's duty to act is a condition precedent to the town's duty. In ruling on a motion to strike, the court may not seek beyond the complaint for facts not alleged. Cavallo, supra, 285-6.
Therefore, the first basis alleged in support of the defendants' motion to strike is unpersuasive.
The second ground asserted by the municipal defendants for striking the second and third counts of the amended complaint is that these counts are barred by the defense of governmental immunity.
Municipalities do, in certain circumstances, have governmental immunity from liability. Murphy v. Ives, 151 Conn. 259,264 (1963). The starting point in an analysis of whether governmental immunity exists is to determine whether the plaintiff alleges that there is a public duty or a private duty involved. Gordon, supra, 170. While the subject amended complaint does not contain a specific allegation of public or private duty, the court may "consider those facts necessarily implied and fairly provable under the allegations." Tomczuk v. American Insurance Co., 9 Conn. App. 194, 196 (1986). CT Page 2458
 If the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be readdressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.
Gordon, supra, 166 (citations omitted); see also Leger v. Kelly,142 Conn. 585, 590-91 (1955).
The plaintiffs allege that the municipal defendants had a duty under Connecticut General Statutes 13b-292 (b) to install and maintain traffic control devices at private rail crossings or to require the owner of the crossing to do so. It is the opinion of this court that such a duty is of such a nature that the performance of it will not affect an individual in a manner different in kind from the way it affects the public at large and so is properly characterized as a public duty. See Roman v. Stamford, 16 Conn. App. 213, 220 (1988), aff'd 211 Conn. 396,397 (1989). Nevertheless, even though a particular duty is a public duty, governmental immunity still may not be a bar. Id. at 211.
"If a public duty exists, an official can be liable only if the act complained of is a ministerial act or [if] one of the narrow exceptions to discretionary acts applies." Gordon, supra, 170. "A municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Evon v. Andrews, 211 Conn. 501,505 (1989) (citations omitted).
Even if the facts alleged in the complaint demonstrate that the municipality did not owe a duty to the plaintiffs, the subsequent determination of whether the municipality was engaging in a discretionary or ministerial function is a question of fact and is not properly resolved on a motion to strike. See Gordon, supra, 180-81. "Only when a complaint contains sufficient allegations so that it can be determined, as a matter of law, that the municipality was engaged in the performance of a governmental [discretionary] function, can a claim of governmental immunity be raised on a motion to strike." CT Page 2459 Metcalf v. Town of Ridgefield, 1 CTLR 174 (May 14, 1990, Flynn, J.), citing Evon, supra, 501; Gordon, supra, 170. "In the absence of a proper basis for determining whether the municipal employee was in the performance of a governmental duty, the complaint is not demurrable on the ground that any violation of the duties involved discretionary or supervisory functions. Cornwall v. Hartford, 107 Conn. 351, 352, 140 A. 723 ; see Hoffman v. Bristol, 113 Conn. 386, 387, 155 A. 499. In the absence of such allegations (which would be admitted by demurrer) to establish the basis of the defendants' claim on demurrer, it is necessary to await the evidence which may be adduced upon trial. Carabetta v. Meriden, 145 Conn. 338, 342, 142 A.2d 727." Fraser v. Henninger, 173 Conn. 52, 61. "Whether the acts complained of in operating a city park were governmental or ministerial is a factual question which depends upon the nature of the act complained of. Tango v. New Haven, 173 Conn. 203, 205-206,377 A.2d 284 (1977); Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979); Boucher v. Fuhlbruck, supra, 81; Cieri v. Hartford, 8 Conn. Sup. 542-43 (1940). See generally 18 McQuillin, Municipal Corporations (3d Ed. Rev.) 53.112, 53.114." Gauvin v. New Haven, 187 Conn. 180, 186.
The subject amended complaint does not contain allegations sufficient to find, as a matter of law, that the municipality's functions pursuant to Connecticut General Statutes 13b-292 (b) were discretionary. Consequently, the court cannot find, as a matter of law, that governmental immunity bars the second and third counts.
The municipal defendants also argue that Connecticut General Statutes 52-557n(a)(2)(B) provides a statutory form of governmental immunity which is an additional basis for striking the second and third counts of the amended complaint. This statute provides as follows:
 Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by. . .
 (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by the law.
For the reasons already discussed the allegations of the complaint do not establish as a matter of law that the municipal defendants were exercising discretionary duties in carrying out their obligations pursuant to Connecticut General Statutes 13b-292 (b). CT Page 2460 Consequently, Connecticut General Statutes 52-557n(a)(2)(B) does not require the striking of the second and third counts.
The municipal defendants assert as a ground for striking the fourth count of the amended complaint, which raises an indemnification claim pursuant to Connecticut General Statutes7-465, that said count is legally insufficient. The defendants argue that this statute does not create a separate cause of action in favor of the plaintiff.
Connecticut General Statutes 7-465 provides in pertinent part:
For all the reasons set forth above the defendants town of Thomaston, Eugene McMahon and Richard Thompson's May 10, 1990 motion to strike the second, third and fourth counts of the plaintiffs' amended complaint dated July 2, 1990 is denied.
WILLIAM L. HADDEN, JR., JUDGE