[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a case seeking damages in the form of a commission resulting from the sale of certain real property. On March 13, 1989, the plaintiff and defendant entered into a written contract captioned "Exclusive Right To Sell/Lease/Exchange", hereinafter referred to as the agreement.
By its terms, the plaintiff was appointed "Exclusive Agent" for the defendant and was given sole and exclusive right to sell, lease or exchange a certain piece of commercial property owned by the defendant and located in the Town of Branford.
The agreement contained, inter alia, the following terms and conditions:
Paragraph 2 stated that the agreement would "remain in effect for a term of six/twelve months." The words "six/twelve" were crossed out and above them was handwritten the word "three". That same paragraph went on to state, "this term shall end on June 30, 1989." The words "June 30, 1989" were handwritten in the blank space designed for a date.
Paragraph 4 required the defendant to refer to the plaintiff "all inquiries about, or offers for, the property."
Paragraph 5 authorized the plaintiff to quote a sales price of $375,000.00 for the property.
Paragraph 7 provided for a commission of "six (6%)" to be paid to the plaintiff if, during the term of the agreement, the property is "sold/leased/exchanged or if someone is found who is ready able and willing to buy/lease/exchange it for the price shown in #5 above."
The agreement also contained the following language: "Exclusion: The Batrow Co. of Branford shall be excluded from this listing until April 13, 1989." CT Page 10904
The agreement was signed by the plaintiff as duly authorized agent of the plaintiff and signed by the defendant.
Subsequent to the execution of the agreement, the plaintiff sought to obtain a buyer for the subject property and, to that end, placed advertisements in newspapers and commercial publications, entertained inquiries from potential buyers and showed the property to at least two interested parties who subsequently tendered offers to purchase although neither ultimately made the purchase.
On June 26, 1989, the defendant stipulated to judgment in a trio of cases pending in the New Haven Superior Court. By the terms of that judgment, the defendant agreed to convey his title to the subject property to Batrow, Inc., or Phyllis and Alice Batrow, at their option, for the sum of $287,500.00. The stipulation required that a commitment of institutional financing and/or availability of that sum be provided by the buyers to the defendant on or before July 27, 1989.
The defendant transferred his title to the buyers, Alice K. Batrow and Phyllis Batrow by warranty deed on August 25, 1989.
The plaintiff has brought this suit claiming that the conveyance to the Batrows has a conveyance which entitles it to a 6% commission pursuant to the express written agreement of the parties. The defendant in his answer has denied the exclusive right to sell agreement was in effect on June 26, 1989, because by its terms it ended on June 13, 1989.
The defendant further maintains that the Batrows were not "found" by the plaintiff nor was the conveyance to them a "sale", "lease", or "exchange" as contemplated in paragraphs 2 and 7 of the agreement.
Finally, the defendant asserts that even if the transaction could be deemed a sale, it was not consummated until August 25, 1989, after the expiration of the agreement.
As for the defendant's claim that the exclusive right to sell contract expired after "three months," the court disagrees. The words "three months" provide an approximation as to the date upon which the term of the agreement would end. The reference to "June 30, 1989," on the other hand, specifies with certainty the date the parties intended as the end of the term. For that reason this court finds that the parties intended the term of the agreement to end on June 30, 1989.
The court next finds that the agreement of the parties was a proper, exclusive right to sell agreement, having met all of the CT Page 10905 requirements as set forth in Connecticut Regulations Sections20-328-1 and 20-328-16.
By that agreement, the defendant gave the plaintiff an exclusive right to sell. In doing so, the defendant agreed to exclude himself as well as all other agents from making a contract to sell the subject property during the term of the agreement. Harris v. McPherson, 97 Conn. 164, 168.
By entering into that contract the defendant agreed that the plaintiff was entitled to the commission upon whatever terms the listing contract stipulates. William Pitt, Inc. v. Taylor,186 Conn. 82, 84.
The terms of a particular listing agreement may make the broker's right to a commission dependent upon specified conditions, such as the consummation of the transaction and full performance of the sale contract. (Emphasis added). Nugent v. DelVecchio, 36 Conn. Sup. 532, 535. Such prerequisite is not part of the parties listing agreement in the present case.
The evidence and testimony clearly indicated that the ultimate purchasers were known to both the plaintiff and the defendant. In fact, they were tenants occupying the subject premises and had expressed considerable interest in acquiring title to the property.
It was because of these facts that the parties made specific reference to the Batrows in the agreement when they expressly excluded them from the terms and conditions of the agreement until April 13, 1989.
The defendant maintains that for the plaintiff to qualify for his commission he must establish that he found a prospective buyer who was ready, able and willing to perform during the term of the agreement.
It can be inferred from that exclusion that both parties agreed that after April 13, 1989, the Batrows would be regarded as any other ultimate purchaser and that a commission would be owed if they acquired title to the property after that date.
Even if the argument was raised that due to prior transactions the defendant and not the plaintiff "found" the Batrows, the law as to exclusive agreement to sell is clear. The broker is entitled to his commission if during the life of such contract the owner sells the property to a purchaser procured by his own efforts. Covino v. Pfeffer, 160 Conn. 212, 215.
There is no ambiguity surrounding the concept of what "found" CT Page 10906 means in such cases. The broker under an exclusive right to sell contracts is entitled to his commission even when, as in this case, the ultimate purchaser is a long time acquaintance of the seller.
The defendant in his post trial brief concedes that in order for the plaintiff to be entitled to his commission one of two things must occur: (1) there must be a sale during the term of the agreement or (2), if during the term of the agreement someone is found who is ready, able and willing to buy/lease/exchange the property. (Emphasis added.)
Citing Nugent, supra, p. 539, the defendant maintains that a completed transaction is the event which triggers the sale and, consequently the right to a commission.
Nugent is distinguishable from the instant case in two crucial areas. First, no exclusive right to sell agreement was involved in that case and second, the anticipated sale was never consummated due to last minute closing maneuvers which caused the buyer and seller to refuse to consumate the sale.
In the present case, the only impediment, if it could be so perceived, to the actual transfer of title was the extension of time given by the defendant to his buyer to obtain financing.
Nowhere in the agreement was there any provision which provided for such accommodation to a potential buyer. The defendant alone was privy to the negotiations which ultimately led to the Batrow purchase. He alone elected to allow the Batrows 30 days beyond the date of the stipulated judgment to obtain financing.
It was well within the defendant's interest to make such accommodation in that it meant title would not pass until after June 30, 1989, the date of expiration of his agreement with the plaintiff, It was for that very reason, that the court noted in Covino, supra, p. 215, "during the life of an exclusive sale contract, an agreement between the owner and the ultimate purchaser to sell and buy, whether or not specifically enforceable, gives rise to a cause of action on the part of an exclusive broker who uses reasonable efforts to sell the property, to place any other interpretation on the meaning of `sale' in an exclusive contract would encourage connivance."
The plaintiff in this case was a licensed real estate broker, empowered with an exclusive right to sell agreement, who made reasonable effort to sell the property for his principal.
For the foregoing reasons, judgment enters for the plaintiff in the amount of $17,250.00 plus reasonable attorney's fees and CT Page 10907 costs.
DOHERTY, J.