ELIZA T. WHITE AND HUSBAND v. THE TOWN OF PORTLAND.

Hartford Dist., March T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and J. M. HALL, Js.

It is a serious question whether the towns should not be required to conform strictly to the statute in the valuation of property for taxation.

Where assessors adopt any other rule and on appeal it is claimed that the property has been assessed beyond the value that should have been given it under the rule, there would be no practical difficulty in reducing the valuation to a proper amount.

But where the grievance is merely that the property has been valued higher than other like property, a reduction of the valuation to conform it to the undervaluations might do wrong to other taxpayers, while a raising of the valuation in the other cases could not be done because the parties would not be before the court.

Where a comparison is made of the valuation of the property in question with that of other property, the other property should be similar in kind and near, and the methods of estimating the value should be the same in both cases.

On an appeal taken by a wife with her husband, the husband prosecuting the appeal after her death, testified that a piece of land of seven acres, assessed at $280, was worth only $105. Held that the town could show that the wife, about the time of the assessment, asked $75 an acre for the land.

The granting or refusing a continuance of a case is a matter of discretion that cannot be reviewed on error.

[Argued March 7th—decided April 7th, 1893.]

APPEAL from an assessment of certain property for taxation in the defendant town; taken to the Superior Court in Middlesex county, and heard before *Prentice*, *J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiffs. The case is stated in the opinion.

*T. H. Russell* and *E. A. Smith*, for the appellants.

*C. J. Cole* and *J. M. Murdock*, for the appellee.

CARPENTER, J. This is an appeal from the doings of the board of relief of the defendant town, in refusing to reduce the tax list of the appellants for the year 1889. The Superior Court rendered judgment for the town on the second of March, 1892. The appellants appealed to this court.

The first reason of appeal is, that the court erred in ordering the trial to proceed in the absence of Josiah J. White. The facts relating to that matter are these :—Josiah J. White is the surviving appellant, his wife, Eliza T. White, who owned the property assessed, having died pending the appeal. Her husband as administrator entered to prosecute the appeal. The case having been reached for trial the counsel for the appellants moved for a continuance, on the ground that said White was ill and unable to attend court. The motion was supported by the certificate of a physician, purporting to have been sworn to before a notary public in Brooklyn in the state of New York. The court declined to continue the case and ordered the trial to proceed.

The reasons for this action are given as follows :—" The court, from the statements of counsel and facts before it, did not believe that said White was in fact prevented by physical disability from attendance in court, but did believe, as charged by counsel for the appellee, that he was able to be present, and that the motion for a continuance was made for purposes

of delay only. This belief was subsequently confirmed by information which afterwards came to him, that said White was, during the very time when he claimed to be physically unable to leave his home in Brooklyn, present in Hartford, actively engaged in business affairs, and apparently in the enjoyment of full health. The court furthermore did not believe that the presence of said White in court was necessary to a fair trial of the cause. The court was further of the opinion that the interests of justice required that the trial should proceed. For these reasons, and in view of the offer made by the counsel for the appellee to the counsel for the appellants that any written statement or statements as to the facts of the case which said White might in any form make, whether the same was sworn to or not, and whether made upon notice to or in the presence of counsel for the appellee or not, might be received by the court as the evidence of said White, the court, in the exercise of its discretion, denied said motion for a continuance, and ordered the trial to proceed."

In relation to this matter it is enough to say that it is a matter of discretion which we cannot with propriety review. If more was needed we should say unhesitatingly that we think the discretion of the court was wisely exercised.

The second error assigned is, that the court erred in excluding the evidence as to the amount of the assessments and as to the value of the property of the quarry companies. On the trial the counsel for the appellants offered in evidence the assessment lists for the year 1889, of three corporations, all extensively engaged in quarrying and marketing brown stone, and located and doing business and taxable in said Portland, and inquired of a witness as to the value, on October 1st, 1889, of the property of said companies. The appellee objected to the introduction of this evidence. The appellants claimed it for the purpose of showing that the property of these companies was assessed at a lower rate of valuation than the property of the appellants, and that the property of the appellants was assessed at a higher rate than the property of the town taken together. In the lists so of-

fered the property of each of said companies was entered in a single gross sum.

The finding is as follows with regard to this matter:— From the statements of counsel it appeared that the taxable property of these companies comprised a great quantity and variety of property, both real and personal, consisting of quarry lands, worked, in process of working, and held for future development; lands near the quarries, whose value for quarrying was more or less problematical; other lands situated in various parts of the town and used for dumping purposes; tenement houses; engines, machinery and quarrying apparatus; live stock, carts, cars, and a large variety of personal property used for quarrying, cartage, transportation, and otherwise; book accounts, etc. From said lists it did not appear of what items these gross assessments were made up, or what valuation was given to any one of the different kinds, or to any one of the several pieces of property for which said companies were assessed; and it was not claimed that any separation of said gross assessments so as to disclose, even approximately, the valuation fixed by the town authorities for any kind or piece of property could be in any way arrived at or shown. The counsel for the appellants did not claim that any of the property of either of these companies was adjacent to or in the neighborhood of any of the property of the appellants concerning whose assessment the question was made, or that it was similar to or substantially of the same value of any of the appellants' taxable estate, excepting that it was claimed by them that, included in the estate of said corporations taxable in said town, were some tenement houses of the same general character as some of those assessed to the appellants. The counsel for the appellee objected to the introduction of this testimony under the complaint, and it was excluded.

There are two possible ways in which a taxpayer may be aggrieved; and a grievance in either way may entitle him to relief. The first is a valuation of the property in excess of its fair market value. An appeal on that ground presents a

case of no difficulty. The market value may be shown, and the application of the remedy is a mere matter of mathematics.

The second is a valuation in excess of a rule adopted by the town, different from the rule prescribed by statute, by which he is required to pay more than his fair proportion of the taxes. In such cases, when appealed to the Superior Court, there may be a difficulty in applying a remedy. When the grievance is that the complainant's property is assessed higher than the recognized rule requires, there would be no practical difficulty in reducing the valuation accordingly. But when the grievance is, as it may be, that others are assessed lower than the complainant, although his assessment may conform to the general rule, it is difficult to see how the Superior Court can afford him any redress. A reduction of his own assessment may be unjust to others, indeed to a great portion of the town; while an increase of the lower assessment is hardly practicable, especially if those taxpayers are not before the court as parties to the appeal.

On the whole it is a serious question whether the towns should not be required to conform strictly to the statute, and whether the courts can take cognizance of and enforce any other rule of valuation than the statutory rule. The exigencies of this case do not require a decision of this point.

Conceding the propriety of a comparison of assessments when the property of different owners is similar in kind, adjacent, and the method of estimating the value is the same, yet when the property is dissimilar, as in this case, not adjacent, and the method of valuation so radically different, it is difficult to see how a comparison can be useful. It is quite apparent from the finding that this is the ground on which the testimony was excluded, for the finding states that "upon the trial the appellants were permitted, without restriction, to offer evidence concerning the actual and assessed valuation of every piece of real estate in said town which counsel claimed was located anywhere in the general neighborhood of, or similar in any way to, or substantially of the same value, or possessed of the same general elements of value, as any of the property of the appellants whose assessment was com-

plained of. Evidence was thus received concerning the property of more than thirty taxpayers, and concerning more than fifty different pieces of real estate." It seems to us also, strictly speaking, that this testimony was inadmissible under the pleadings. Had the complaint alleged a disproportionate assessment, evidence of the assessment of others would have been admissible. But the sole ground of complaint is that the valuation was excessive. An excessive assessment is essentially different from a disproportionate one. Proof of one does not necessarily prove the other. They touch each other at one point—each results in inequality of taxation. On that account, doubtless, the appellants were allowed, with some restrictions, a wider latitude of proof. The theory of this case is that the appellants were assessed in excess of the actual value of the property, and not that they were aggrieved because the quarry companies were assessed too low. This conclusively appears from the complaint. Excessive valuation is expressly alleged in the second and seventh paragraphs. The eighth is in the same line of thought. It alleges that other parcels of real estate, belonging to other parties, similar and adjacent to the land of the plaintiffs, and which are substantially of the same value, were assessed at much lower figures, although assessed at their fair market value. The prayer for relief is " that each of said valuations may be reduced," and no relief on other grounds, or in other form, is suggested. It seems quite clear that, under the complaint, the testimony was rightly rejected.

But the appellants offered an amendment to the complaint, which was disallowed. It is now said that the amendment should have been allowed, and that, under the complaint as amended, the evidence would have been admissible.

The proposed amendment was as follows :—" The plaintiff amends the complaint by adding at the close of paragraph eight—' and said real estate of the plaintiff was set in said list by said assessors at much higher valuations, proportionately, than the other taxable property of said town taken together ; and the property of the corporations of said town, especially that of the Brainerd Quarry Company, the Mid-

dlesex Quarry Company, and the Shailer & Hall Quarry Company, which three corporations own about one half of the taxable property of the town, is assessed at a very much lower rate than that of the plaintiff; and the said assessments are unfair, unequal, unjust, untrue and wrong, and said assessors and said board of relief have wholly neglected to equalize and adjust the assessments of the taxpayers of said town, and especially those of the plaintiff.' "

We hardly know whether the pleader intended by this a new cause of action—a disproportionate assessment—or an amplification of the complaint as it was, for the purpose of laying the foundation for the introduction of evidence relating to the assessments of the quarry companies. If the former, it is very clear that the amendment was properly disallowed; if the latter, then it was an attempt to get in evidence essentially foreign to the issue, and was equally objectionable. Moreover it failed to remove the grounds on which the evidence was excluded.

E. I. Bell was called as a witness by the appellants, and it appearing that he was the owner of a mill used and operated for sawing brown stone, was asked as to the value of his mill October 1st, 1889. Objection was made to the inquiry on the ground that the property was not adjacent to or in the neighborhood of any of the appellants' land, that it was totally dissimilar in character from all of the appellants' property, and that it was not of substantially the same value as any of the appellants' estate or possessed of the same elements of value. It so appearing, and being found by the court from the examination of the witness and the admissions of counsel, the question was excluded. There was no error in this, for reasons given above.

One piece of property consisting of seven acres was assessed at $280. Mr. White testified that it was worth no more than $105. The appellee in reply offered, among other witnesses upon this subject, one Nelson Pelton, who testified that said land was then worth $50 an acre. He also testified that said Eliza T. White had, during her lifetime, and at about that date, asked him $75 an acre for it. The appel-

White *v.* Town of Portland.

lants objected to this latter testimony as being a statement of a deceased party. The objection was overruled. Fixing a price on the land by Mrs. White with a view to a sale was in the nature of a declaration as to its value; and being inconsistent with the claim now made, the declaration was admissible.

The appellants returned to the assessors, in the usual form, a list of their taxable property, in which the houses and lands were entered separately, and in that form the assessments were made. In the Superior Court the claim was made that two acres of land contiguous to each dwelling house, making in all twelve acres, should be taken from the land assessed and the list reduced accordingly. This claim is based upon the theory that two acres of land was necessarily included in the valuation of each dwelling house, and was also assessed as land, making double taxation. But the court found that there was no double taxation, that each house was valued apart from the land, and all the land assessed but once, and then as land, and overruled the claim.

Perhaps a sufficient answer to this is that the appellants make no such claim in their complaint. Neither does it appear that any such claim was made before the board of relief. Whether a party may appeal in these cases, and then ask the Superior Court to grant relief not claimed before the board of relief, is a question we need not determine; for it is evident that the appellants have not been wronged. The finding is explicit to that effect.

One or two points of minor importance are made in the record and were discussed, but it does not seem to us that they require separate consideration. It is believed that the views already expressed are a sufficient answer. We will only add that we see nothing in them that will entitle the appellants to a new trial.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.