WILLIAM R. FOOTE vs. THE TOWN OF BRANFORD.

Third Judicial District, Bridgeport, April Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 16th—decided June 13th, 1929.

*William L. Beers,* with whom, on the brief, was *George E. Beers,* for the appellant (plaintiff).

*Thomas R. Fitzsimmons,* with whom, on the brief, was *Ernest L. Averill,* for the appellee (defendant).

HINMAN, J. The gist of the plaintiff's complaint is that the tax officers of the defendant town refused to include in the list of taxable property, as of October 1st, 1924, and assess for taxation, certain land

owned by the First Ecclesiastical Society of Branford, that "in order that the other property of the town, and in particular the property of your applicant, may not be subjected to an inequitable, disproportionate and illegal burden of taxation, it is necessary that the valuable property herein referred to should be assessed for taxation," and that, therefore, he is aggrieved. The defendant demurred on the grounds that it does not appear that the plaintiff is aggrieved with reference to his own property, or in what manner he is aggrieved, and that no specific and proper prayer for relief is set forth in the complaint.

While the allegation quoted above does not state specifically the claimed consequence to the plaintiff of the omission and refusal of which he complains, it is fairly deducible therefrom that his grievance is that, if the property in question is not assessed for taxation, the total amount taxed by the town will be diminished to the extent of the proper valuation of that property and the tax assessed against the plaintiff proportionately increased. It is clear from the allegations of the complaint that the redress sought consists of the inclusion of the designated land in the property taxed by the town. The lack of a more specific prayer therefor is not a demurrable defect, upon an appeal from the board of relief. It is not necessary that it appear that the plaintiff is aggrieved, with reference to his own property, by reason of overvaluation thereof or otherwise; he may be prejudiced, instead, by the omission to tax property of others or by the undervaluation thereof. *White* v. *Portland*, 63 Conn. 18, 22, 26 Atl. 342; *Ives* v. *Goshen*, 63 Conn. 79, 81, 26 Atl. 845. The situation set forth in the complaint does not present the practical difficulties suggested in *White* v. *Portland* (p. 22) as being inherent in cases where the grievance consists in the under-

valuation of property of numerous other taxpayers not parties to the appeal, as to which it is said that "increase of the lower assessment is hardly practicable" and "it is difficult to see how the Superior Court can afford any redress." All that is contemplated in the present case is the inclusion of property of one owner which, it is claimed, has been omitted unjustifiably.

It is true that this owner, the Ecclesiastical Society, is a necessary party to this proceeding and is not now before the court as such. This defect of parties would be a proper ground of demurrer (*Ackerman* v. *Union & New Haven Trust Co.*, 91 Conn. 500, 509, 100 Atl. 22), but is not made such, either expressly or by fair implication, by the demurrer under consideration. The grounds which were presented by the demurrer were not well taken and it should have been overruled. While the remedy sought cannot be afforded unless the Ecclesiastical Society is brought in as a party defendant (*White* v. *Portland, supra; Fenton* v. *Fenton Building Co.*, 90 Conn. 7, 17, 96 Atl. 145), this may be accomplished under §§ 5645 and 5646 of the General Statutes. The present demurrer does not raise the question whether the failure to make the Ecclesiastical Society a party to the appeal at its inception nor until so long a time has elapsed, may entitle the Society to immunity from assessment, now, of a tax upon its property in the list of 1924, and we therefore do not consider it at this time.

There is error and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.