MARY H. MARKS ET AL. v. JOHN T. DUNN, JR., ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 83069

Memorandum filed December 1, 1948.

*John W. Joy* and *John P. Cotter,* both of Hartford, for the Plaintiffs.

*William L. Hadden,* Attorney General, of Hartford, for the Defendants.

MURPHY, J.  The answer to the first three paragraphs of the demurrer is to be found in *Newington* v. *Mazzoccolli,* 133 Conn. 146.  In that case it is held that an aggrieved person is not restricted to the filing of a remonstrance where the liquor control commission grants a permit in violation of an express provision of law.

As to the reasons set forth in the fourth paragraph of the demurrer, a different situation is presented.  The defendants are the members of the liquor control commission.  The plaintiffs seek the revocation of a permit already issued to one Ralph H. Fenze.  They also seek to prevent the issuance of restaurant all-liquor permits to four other persons who have applied for them and who now hold tavern permits.

While a permit is a purely personal privilege good for one year and does not constitute property (General Statutes Sup. 1941, § 452f), the permittee Fenze does have certain rights under the permit issued to him and he is a necessary party to the action.

He should have the opportunity to be heard in his own behalf. However, until such time as the commission should issue the other four permits, the applicants therefor would acquire no rights under them and it does not appear that they should be made parties. Nonjoinder of a necessary party is a ground of demurrer. *Foote* v. *Branford*, 109 Conn. 358, 361; *Ackerman* v. *Union & New Haven Trust Co.*, 91 Conn. 500, 509.

The demurrer is sustained for nonjoinder of Fenze.