BARRETT FISHER *v.* BOARD OF ZONING APPEALS
OF THE TOWN OF MONROE ET AL.

INGLIS, C. J., BALDWIN, WYNNE, DALY and SHEA, Js.

Argued March 2—decided April 18, 1955

*William F. Healey, Jr.,* for the appellant (plaintiff).

*Benjamin H. Gilman,* for the appellees (defendants Swann).

*Raymond W. Beckwith,* for the appellee (named defendant).

WYNNE, J. The plaintiff appealed to the Court of Common Pleas from a decision of the board of zoning appeals of the town of Monroe reversing the action of the zoning commission, which had granted

a permit to the plaintiff to erect a fuel-oil storage tank. The court rendered judgment dismissing the appeal and from that judgment this appeal has been taken.

The court based its action on a motion to dismiss which set forth that plaintiff's action was not an appeal. The plaintiff sought to meet this claim by a motion to amend the prayers for relief by adding an additional one that "the action of the Zoning Board of Appeals be reversed." The crucial question is whether this action is in reality one in equity, or is an action for a declaratory judgment, or is an appeal from the board of zoning appeals. The trial court concluded that it was an action in equity and dismissed it on the ground that the plaintiff's proper remedy was one at law by way of an appeal from the board of zoning appeals. The action was commenced by an application of the plaintiff addressed to the Court of Common Pleas. The first paragraph of this application states that the plaintiff comes to the court "appealing from a decision of the Zoning Board of Appeals." The application contains all the allegations essential to an appeal from a zoning board. It sets forth the order appealed from and the facts which the plaintiff relies on to support his allegation that the board acted unreasonably, arbitrarily and illegally. It is true that the application did not contain a prayer for relief to the effect that the decision of the board be modified or reversed. Such a prayer for relief is not necessary. The statute prescribes the relief which may be granted in an appeal from a zoning board. It provides that the court "may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." General Statutes, Cum. Sup. 1953, § 286c; see Practice Book, Form No. 480.

The trial court was led to the conclusion that the action was not an appeal because the application included prayers for a temporary and permanent injunction and for a declaratory judgment. Such prayers are not proper in an appeal. The suggested relief could not be granted in an appeal. The presence of the prayers in the application, however, did not convert the appeal into some other form of action. *Willard* v. *West Hartford,* 135 Conn. 303, 305, 63 A.2d 847; *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175. Consequently, the court was in error in dismissing the action on the ground that it was not an appeal but rather was an action in equity. It follows that the court abused its discretion in denying the motion for leave to amend the prayers for relief on the ground that the proposed amendment would change the nature of the cause of action. The motion could have been properly denied on the ground that the proposed amendment was unnecessary. See Practice Book, Form No. 480; *Foote* v. *Branford,* 109 Conn. 358, 360, 146 A. 723.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.