**SPACE CONDITIONING, INC., a Maryland corporation, Plaintiff-Appellee,**

v.

**INSURANCE COMPANY OF AMERICA, Defendant-Appellant.**

**No. 19530.**

United States Court of Appeals
Sixth Circuit.

Jan. 13, 1970.

G. Cameron Buchanan, Detroit, Mich., Alexander, Buchanan & Conklin, Detroit, Mich., on brief, for appellant.

Robert E. Sullivan, Detroit, Mich., Sullivan, Sullivan, Ranger & Ward, Detroit, Mich., on brief, for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Appellant, Insurance Company of America, (INA) appeals from a judgment against it entered in the United States District Court for the Eastern District of Michigan in favor of its insured, Space Conditioning, Inc. Space Conditioning brought this suit under diversity jurisdiction, claiming that INA had violated its insurance contract by refusing to defend or pay the damages assessed in a suit by a third party against Space Conditioning.

The third party, High Life Inn, sued Space Conditioning for damages to persons, property and business allegedly due to faulty air conditioning equipment which Space Conditioning installed. High Life secured a jury award of $80,-000 in Saginaw County Circuit Court. Space Conditioning paid $70,000 in satisfaction of the judgment, plus $12,046.-47 in legal expenses incurred in defending the suit.

The District Judge in a well-reasoned opinion held 1) that the High Life Inn action was in major part an action for "accidental" injury within the meaning of Space Conditioning's policy with INA, Guerdon Industries, Inc. v. Fidelity & Casualty Co., 371 Mich. 12, 123 N.W.2d 143 (1963); 2) that INA had a duty to defend its insured which it breached at its peril, Ripepi v. American Insurance Companies, 349 F.2d 300 (3d Cir. 1965); 3) that the breach of INA's duty to defend precluded its raising as a defense to this suit the fact that one item of damage claimed by High Life Inn was excluded from INA's coverage, American Indemnity Co. v. Sears, Roebuck & Co., 195 F.2d 353 (6th Cir. 1952); Sims v. Illinois National Casualty Co., 43 Ill.App. 2d 184, 193 N.E.2d 123 (1963). See also St. Louis Dressed Beef Co. v. Maryland Casualty Co., 201 U.S. 173, 26 S.Ct. 400, 50 L.Ed. 712 (1906); New Amsterdam Casualty Co. v. Jones, 135 F.2d 191 (6th Cir. 1943); Annot., 49 A.L.R.2d 711–17 (1956).

High Life Inn had claimed total damages of $205,033.66. The exclusion cited by INA arguably applied to $48,533.66 of this sum. As we have noted, the jury awarded $80,000 and was not asked to and did not indicate how it allocated damages. The District Judge declined to seek to divine jury intent from this record. We conclude that he was right.

The judgment of the District Court is affirmed on the opinion of the District Judge. Space Conditioning, Inc. v. Insurance Company of North America, 294 F.Supp. 1290 (E.D.Mich.1968).