**FIDELITY BANKERS LIFE INSURANCE COMPANY, a Virginia corporation authorized to do business in the State of Nevada, Plaintiffs,**

v.

**WEDCO, INC., a Nevada corporation; Norman F. Holland; Albert F. Larsen, individually and doing business as Managed Asset Programs; Brett W. Ruff; Diana Lynn Stone; and Elizabeth Ann Ruff, individually and as Executrix of the Estate of Arthur M. Ruff, Defendants.**

**Elizabeth RUFF, Brett W. Ruff, and Diana Stone, Plaintiffs,**

v.

**FIDELITY BANKERS LIFE INSURANCE COMPANY; Norman F. Holland; Comstock Insurance Agencies, Inc; Albert F. Larsen; Al Larsen & Associates; John Does I–V; Doe Corporations I–V, Defendants.**

**Nos. CV–R–82–386–ECR, CV–R–82–409–ECR.**

United States District Court, D. Nevada.

March 5, 1984.

John C. Renshaw, Reno, Nev., for plaintiff Fidelity Bankers Life Ins. Co.

Gordon M. Cowan, Reno, Nev., for plaintiff-intervenor Utica Mut. Ins. Co.

Frank H. Roberts, Reno, Nev., for plaintiff-intervenor American Home Assur. Co.

Hale, Lane, Peek, Dennison & Howard, Reno, Nev., for defendant Wedco, Inc.

Paul F. Hamilton, Reno, Nev., for defendant Norman F. Holland.

Ken Bick, Reno, Nev., for defendant Albert F. Larsen and Al Larsen & Assoc.

George K. Folsom, and Nathan M. Jenkins, Reno, Nev., for defendants Brett W. Ruff, Diana Lynn Stone & Elizabeth Ruff.

Roger L. Erickson, and Jack I. McAuliffe, Reno, Nev., for Comstock Ins. Agencies, Inc.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Two insurance companies have moved for leave to intervene on a limited basis. Utica Mutual Insurance Company is the errors and omissions insurance carrier for defendants Norman F. Holland and Comstock Insurance Agencies, Inc. American Home Assurance Company is the errors and omissions insurance carrier for defendant Albert F. Larsen. Both insurance companies have provided defense attorneys for their insureds, with reservation of the right to contest the extent of coverage as to any judgments entered against the insureds. The errors and omissions policies exclude any claims arising out of or contributed to by dishonest, fraudulent, criminal or malicious acts of an insured. The prayers of the proposed complaints in intervention ask

for declaratory judgments determining the respective rights of the insurers and the insureds. The insurance companies seek leave to intervene on a specifically limited basis which would allow them to: (1) attend all discovery proceedings; (2) receive all discovery, pleadings and correspondence; and (3) propose to the Court special interrogatories and verdicts pursuant to Fed.R. Civ.P. 49 for submission to the jury, so that the bases for any verdicts against the insureds could be ascertained. The purpose of knowing the jury's bases for any verdicts would be to make possible a division of the money damages between covered and non-covered acts of the insureds. The insurance companies must indemnify their insureds only for damages arising from covered acts.

Fidelity Bankers Life Insurance Company, the plaintiff in Case No. CV–R–82–386–ECR consolidated herein, issued six large life insurance policies on the life of Arthur M. Ruff, who died approximately two years after their issuance. Fidelity paid in full the beneficiary of four of the policies. It seeks recission and restitution as to them, together with compensatory and punitive damages. An adjudication that all six policies were void ab initio is also sought. Fidelity alleges that the decedent's applications for the life insurance falsified his medical history, and that EKG and chest x-ray tests taken in connection with the applications were made on an imposter rather than on the decedent. The defendant insurance agents purportedly participated in the deception.

In consolidated Case No. CV–R–82–409–ECR the beneficiaries (relatives of the decedent) of one of the unpaid policies have sued Fidelity, the insurance agents and the insurance brokers they represented for breach of contract, bad faith (entitling the plaintiffs to punitive damages), and breach of fiduciary duty.

The beneficiaries and the insurance agents all have opposed the motions for leave to intervene. They point out that the existence of the errors and omissions policies may not be made known to the jury.

Further, the proposed intervenors would not be bound by the judgments herein, so that the obligations to indemnify their insureds would be determinable in independent lawsuits. In addition, it is noted that their interests are contingent (upon judgments being entered against their insureds), and not direct. Finally, the possibility of a conflict of interest arising in the attorneys representing the insured agents and broker is noted. Although those attorneys are being paid by the proposed intervenors, their obligation to their clients would require them to seek to keep any damage awards within the errors and omissions coverage. This would be contrary to the interests of the companies who are paying them; those companies would want any damages awarded to be based on acts of the defendants that are excluded from the coverage.

■ Fed.R.Civ.P. 24 controls applications for leave to intervene. It is to be construed liberally in ·favor of intervention. *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 527 (9th Cir.1983). Rule 24(a) provides for intervention of right, while subsection (b) covers permissive intervention.

■ So far as is pertinent here, intervention of right requires that the applicant claim an interest relating to the transaction which is the subject of the action; and that he be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest.

■ In order to have an "interest" in the underlying action, the applicant need not have an actual legal or equitable interest in jeopardy. However, he must show that he has a protectable interest in the outcome of the litigation of sufficient magnitude to warrant inclusion in the action. *Smith v. Pangilinan,* 651 F.2d 1320, 1324 (9th Cir. 1981). Applicants herein contend that the case of *Space Conditioning, Inc. v. Insurance Company of America,* 419 F.2d 836 (6th Cir.1970) stands for the proposition that an insurer may be held liable for the entire amount of a general verdict against

its insured, unless the jury specifies the bases for its award of money damages. The opinion, however, does not go that far. It holds that the insurer's breach of its duty to defend its insured precludes the insurer from later claiming that certain items of the damages awarded were based on acts that were excluded from the coverage. Here, the insurance companies have provided defense counsel to its insureds. Also, the companies' reservations of the right to contest coverage could negate their being bound by a general verdict. *See Centennial Insurance Co. v. Miller,* 264 F.Supp. 431, 435 (E.D.Cal.1967).

■ The insurance companies are not in this action seeking an opportunity to litigate whether particular acts of their insureds were covered by the errors and omissions policies. Nor do they seek to be allowed to participate in the actual trial. In fact, the jury wouldn't know that any of the defendants have errors and omissions coverage, nor that the companies had intervened. Neither collateral estoppel nor res judicata would bind them as to the extent of coverage. As a practical matter, therefore, the disposition of the action would not impair or impede their ability to protect themselves from having to indemnify their insureds for acts excluded from the coverage. They are not entitled to intervene as a matter of right.

■ Fed.R.Civ.P. 24(b) allows for permissive intervention when an applicant's defense and the main action have a question of law or fact in common. In exercising its discretion, the court must consider whether intervention would unduly delay or prejudice the adjudication of the rights of the original parties.

■ In order to be entitled to punitive damages, a plaintiff must prove that the defendant acted with fraud, oppression or malice. NRS 42.010. Damages resulting from fraudulent or malicious acts of the insureds are specifically excluded from the coverage of the errors and omissions policies. The future defense of the insurance companies, therefore, has questions of fact in common with the main action.

The delay in considering any special interrogatories or verdicts proposed by the insurance companies would not be significant. Nor would their applications to be allowed to attend all discovery proceedings and to receive copies of discovery, pleadings and correspondence. The use of discovery obtained in one lawsuit in connection with other litigation accords with the purposes of the Federal Rules of Civil Procedure. *U.S. v. Hooker Chemicals & Plastics Corp.,* 90 F.R.D. 421, 426 (W.D.N.Y. 1981).

The only question remaining is whether the insurance companies' proffering to the Court of proposed special interrogatories and verdicts would prejudice the rights of their insureds or the other parties to this action. The answer lies in the power of a court to condition intervention upon certain particulars. *See Southern v. Plumb Tools, a Div. of O'Ames Corp.,* 696 F.2d 1321, 1322 (11th Cir.1983). In this action any right to proffer special interrogatories or verdicts would not infer or imply that the Court would feel obligated to submit them to the jury. The insurance companies may not compromise the interests of their insureds herein. *See Gray v. Zurich Insurance Company,* 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168, n. 18 (1966). They have represented that they recognize and intend to honor this requirement.

■ Thus, even permitting intervention here does not assure that the jury will be asked to allocate any money damages according to the nature of the acts giving rise thereto. However, the possibility that relitigation of the same issue may be avoided is a strong reason to permit intervention. *See Smith v. Pangilinan,* at 651 F.2d 1324–1325. There is precedent for intervention limited to the proffering of special interrogatories. *See Plough, Inc. v. International Flavors and Fragrances, Inc.,* 96 F.R.D. 136 (W.D.Tenn.1982). As noted on page 137 of that opinion, the Court will rule on the validity of any proposed special interrogatories or verdicts at the appropri-

ate time, after the parties have been given full opportunity to review and object to the same.

■ Since the intervention being authorized herein is permissive, independent bases for jurisdiction are required. *Blake v. Pallan*, 554 F.2d 947, 956 (9th Cir.1977). Both intervenors are incorporated in New York, so that there is diversity of citizenship. Also, the matter in controversy exceeds the sum of $10,000.

IT IS, THEREFORE, HEREBY ORDERED that Utica Mutual Insurance Company and American Home Assurance Company be permitted to intervene as plaintiffs, provided however, that this leave to intervene is only for the limited purpose of:

(1) Attending all discovery proceedings;

(2) Receiving all discovery, pleadings and correspondence; and

(3) Proposing to the Court special interrogatories and verdicts pursuant to Fed.R.Civ.P. 49 for submission to the jury.

IT IS FURTHER ORDERED that the proposed complaints in intervention attached to their respective motions for leave to intervene shall stand as their complaints of record.