LAWRENCE KNOWLING *v.* FRANKLIN HUNT

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 362731
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed February 6, 1990

*Ebenstein & Ebenstein,* for the plaintiff.

*Kenny & Brimmer* and *Heffernan, Farr, McCord & Morelli,* for the named defendant.

*Howard, Kohn, Sprague & Fitzgerald,* for the Allstate Insurance Company.

FREED, J. This action in two counts seeks damages for injuries suffered by the plaintiff, Lawrence Knowling, when he was struck by the defendant, Franklin Hunt, with a baseball bat. The first count is grounded in negligence and the second in assault.

The defendant is insured by the Allstate Insurance Company (Allstate), which is defending him on the negligence count. Intentional acts, as alleged in the assault count, are specifically excluded from coverage in the defendant's policy. Counsel has appeared for the defendant on this count. He was hired and is being paid by the defendant personally.

Allstate now seeks to intervene as a party defendant pursuant to Practice Book § 99 and General Statutes §§ 52-102 and 52-107. Allstate claims that it has a financial and contractual interest in this lawsuit and further claims that it should be allowed to advocate its position that the defendant's acts were intentional and,

therefore, excluded from coverage. Allstate rightfully points out that unless its presence is allowed, in all likelihood the issue of intent or negligence will not be decided in this case. If Allstate is allowed to intervene, it would at least attempt to have interrogatories submitted to the jury and verdict forms to resolve the question. Of course, Allstate could then receive all copies of discovery and pleadings.

Without a doubt, Allstate is in a difficult position and finds itself paradoxically hiring two different attorneys to advocate different questions in the same case: one opposed to the position of the defendant and the other in support of it.

General Statutes § 52-102 provides in pertinent part: "Joinder of persons with interest adverse to plaintiff and of necessary persons. Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving . . . may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff . . . ."

Practice Book § 99 provides that "[i]f a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party." See also General Statutes § 52-107 (containing nearly identical language).

The intervention sought by Allstate may be characterized as permissive as opposed to intervention as of right. Research has not uncovered any Connecticut cases on point, but the practice is to look to federal law in a situation like this. *Horton* v. *Meskill,* 187 Conn. 187, 191–92, 445 A.2d 579 (1982).

Allstate, of course, contends that its request to intervene must be granted as of right. Federal courts, however, in examining Rule 24 (b) (2) of the Federal Rules

of Civil Procedure, have held that this right may, in cases approved by the court, be granted with permission of the court. In some cases, they have restricted the scope of the intervention. See *Fidelity Bankers Life Ins. Co.* v. *Wedco, Inc.,* 102 F.R.D. 41, 44 (1984); *Plough, Inc.* v. *International Flowers & Fragrances, Inc.,* 96 F.R.D. 136 (1982).

If this court refused to allow intervention, then in all likelihood the issue in question would have to be litigated in another action, which is clearly contrary to the interests of judicial economy.

The plaintiff's contention that the jury would be confused by this intervention is without merit and certainly outweighed by the interest of Allstate in being able to put forth its position before the jury, and by the interest of the judicial system in being able to dispose of a case in one trial instead of two.

For the above reasons, Allstate's motion to intervene is granted.