[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON AETNA LIFE AND CASUALTY'S MOTION TO INTERVENE AS A PARTY DEFENDANT
In this action brought by the plaintiff Chenkus against the defendant Brian Dickson for negligent and intentional assault, Aetna Life and Casualty (hereafter "Aetna") moves to intervene "as a party defendant for purposes of asserting its position that defendant Brian Dickson's alleged actions are not covered by the policy of insurance between Aetna and defendant's mother, Lorraine Dickson."
Aetna argues it is a necessary party and under General Statutes 52-107 it should be made a party to the controversy. The simple answer, in regard to the case before the court, is that Aetna is not a necessary party. "Necessary parties, . . . have been described as `[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all rights involved in it. . . .' Shields v. Barrow [58 U.S. (17 How.) 130, 139 (1855)." Sturman v. Socha, 191 Conn. 1,6 (1983). The case before this court, as it pertains to Brian Dickson, is based upon negligent and intentional assault. It has nothing to do with whether Brian Dickson's acts are covered under a contract of insurance between Lorraine Dickson and Aetna. And surely, if this court allows Aetna to be a party and raise this extraneous issue, then Lorraine Dickson would become a necessary or indispensable party as the named insured under the policy and one of the contracting parties.
Aetna relies on the recent superior court case of Knowling v. Hunt, 41 Conn. Sup. 389 (1990) to support its claim to become a CT Page 2110 party defendant in order to determine coverage. Knowling, which apparently allowed intervention by an insurance company as a full party to determine the issue of coverage, purportedly relying on federal precedent went further than even the liberal Rule 24(b) of the Federal Rules of Procedure would allow. For example, in Fidelity Banker Life Ins. Co. v. Wedco, Inc., 102 F.R.D. 41, 44
(1984) under the federal rules the insurance companies were only permitted to intervene for the limited purpose of proposing interrogatories to the jury, all of which would still be subject to a subsequent determination by the court of whether such interrogatories would prejudice the parties.
Knowling is based upon the interests of serving litigants and judicial economy. Notwithstanding these laudable purposes, justice, which must control, would not be served by allowing even a limited intervention by the insurance carrier as provided under Fidelity let alone the expanded intervention as a full party under Knowling for several reasons.
First, to allow Aetna to participate as a full party would confuse the issues and the jury. Coverage is not an issue and should not be so in this case. Even to allow limited participation by attorney for the purposes of proposing interrogatories for issue preclusion in another case would confuse the jury. How would the judge explain to the jury the presence of the attorney representing Aetna? Should he or she be merely described as an interloper?
Second, defense counsel retained by Aetna to represent the defendant Brian Dickson argues, most importantly, that to permit Aetna to intervene would drive "an impenetrable barrier between assigned defense counsel and the insured in this case and in all future cases in which the insurer reserves its rights under the insurance contract." The client would be reluctant to communicate fully with the defense counsel for fear that the party who furnishes the butter — that is, Aetna who pays for the defense, will be the one who is actually served. The very perception of the attorney-client privilege would be severely damaged.
Finally, the facts of this case point up a very serious problem with regard to the conduct of Aetna. In his objection to the intervention by Aetna, defense counsel for Dickson argues the following:
 The contract of insurance between Brian Dickson and the Aetna demands that the insured cooperate with assigned defense counsel in the defense of any litigation. In fulfilling his duty of cooperation, Brian Dickson divulged certain matters to undersigned defense counsel in CT Page 2111 furtherance of the defense of this case. Certain of these conversations have been related by undersigned defense counsel to Aetna, pursuant to defense counsel's responsibility to keep the insurer apprised of developments in the matter. However, when Brian Dickson had conversations with assigned defense counsel in order to assist in the defense of the case, he had a right to expect the same protection of the attorney-client privilege as if he had hired personal counsel. Simply because an insured has a duty to cooperate with assigned defense counsel, the insured should not lose his rights to a defense protected by the attorney-client privilege. To allow the Aetna to rely upon records and opinions, previously submitted to them by the undersigned defense counsel on behalf of Brian Dickson, in intervening against Brian Dickson, would violate the attorney-client privilege.
If Aetna received confidential information furnished by Dickson to his assigned defense counsel, and Aetna attempts to use those disclosures for the purpose of bolstering its position on whether there is coverage, then, surely, Aetna should be estopped from denying coverage and may very well have committed an act consisting of bad faith. Indeed, it would seem to this court, that whether or not Aetna uses such confidential information on the issue of coverage, the mere receipt of the information when it has assigned counsel to defend under a reservation of rights would constitute a waiver of that reservation or Aetna should be estopped from asserting its defenses to coverage. Aetna cannot have it both ways — it seeks information furnished by the defendant so it can evaluate the case for settlement purposes and then seeks to use that information which was conveyed by Dickson to his counsel against him on the issue of whether there is coverage. The mere thought of this being done is outrageous and jeopardizes the very essence of the attorney-client relationship.
The motion to intervene by Aetna Life and Casualty Co. is denied.
Robert I. Berdon, Judge