[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from the Salisbury Zoning Board of Appeals upholding of a cease and desist order dated July 25, 1989. On June 8, 1959 the Town of Salisbury adopted zoning regulations thereby regulating CT Page 4343 the storage of construction contractor's equipment in a residential zone. On February 16, 1989 the regulations relating to the storage of construction equipment were amended to allow contractors to apply for a special permit for the storage of their equipment. Salisbury Zoning Regulation 249.4. The plaintiff Peter Brazzale applied for this special permit and such application was denied. Record #7(9) and #7 (17). On July 25, 1989, four days after the denial of the special permit, the Salisbury zoning administrator issued a cease and desist order relating to the violation of 249.4 due to the storage of contractor's equipment without a special permit. Record #7 (18). The plaintiff appealed the cease and desist order to the ZBA and the appeal was denied on September 28, 1989. Record #23, Publication of the ZBA's decision in the Lakeville Journal occurred on October 5, 1989. Record #34. This appeal followed.
In reviewing the decision of the zoning administrator in this case, the ZBA acted under the authority of Connecticut General Statutes8-6 (1). The plaintiff is the owner of the subject property and is thereby statutorily aggrieved. Bossert Corporation v. Norwalk,157 Conn. 279, 285 (1968). The plaintiff appeals under the authority of Connecticut General Statutes 8-8. The burden of proof in attempting to overturn a decision of a zoning board of appeals rests squarely upon the appellant. Verney v. Planning and Zoning Board of Appeals,151 Conn. 578, 580 (1963). Moreover, such a decision will only be disturbed if the zoning authority has acted illegally, arbitrarily, or in abuse of its discretion. Raybestos-Manhattan, Inc. v. Planning and Zoning Commission, 186 Conn. 466, 469-70 (1982). Also, it is the plaintiff who bears the burden of proving a valid non-conforming use. Friedson v. Westport, 181 Conn. 230, 234 (1980).
The cease and desist order of the zoning administrator reads in pertinent part:
 You are in violation of the Zoning Regulations of the Town of Salisbury, Section 249.4, by storing contractor's vehicles and equipment without a permit on property you own on Lincoln City Road. This property is identified on Tax Map #10 as lots 33 and 34.
Record #7 (18).
The plaintiff maintains that the cease and desist order applies only to the expansion of a non-conforming use. In conjunction with this theory, the plaintiff asserts that he possessed a valid non-conforming use enabling him to store contractor's equipment on his property and that the special permit under 249.4 was sought only to expand these storage facilities. However, the plaintiff's argument is severely undercut by his own permit application which states that he seeks the special permit in order to allow "storage of contractor's material and equipment." Record #7 (10). The fact that the plaintiff phrased his special permit application in such a manner and the aforementioned language contained in the cease and desist order lead to the conclusion, CT Page 4344 contrary to plaintiff's argument, that the order does not allow for the continuance of plaintiff's allegedly non-conforming use. If the plaintiff already possessed the right to store contractor's equipment on the property, he would not have applied for a special permit to conduct that same activity. Moreover, the order itself does not refer to the expansion of a use; it refers only to the storage of contractor's vehicles and equipment without a permit, Record #7 (18). Thus, the order clearly refers to the storage of all contractor's vehicles and equipment on the property.
Even if it were to be decided that the plaintiff at one time possessed a valid non-conforming use, there is sufficient evidence that such a use was abandoned. From 1985 until 1988 there is no evidence garnered from the Salisbury grand list which would indicate that the plaintiff stored contractor's equipment on the premises. Record #20. It is true that the mere discontinuance of a use is not enough to demonstrate the intent to abandon necessary to establish abandonment. Cummings v, Tripp, 204 Conn. 67, 93 (1987). Nevertheless, the intent to abandon may be inferred from circumstances. Id. at 93. The plaintiff's failure to store equipment on the site from 1985 to 1988 demonstrates an intent to abandon when it is coupled with the plaintiff's intention to move his business to Millerton, New York.
Lastly, the plaintiff's second count seeking injunctive relief cannot be heard by this court when it is joined with an administrative appeal. Fisher v. Board of Zoning Appeals, 142 Conn. 275, 278 (1955).
For the reasons stated, the appeal is dismissed.
DRANGINIS, J.