[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO INTERVENE)
The Travelers Insurance Company moves for permission to intervene in the above matter. It requests a limited intervention for the purpose of propounding interrogatories to the jury which would enable it to know the jury's finding as to each allegation of negligence and intentional tort on the part of the defendants. (The homeowners policy which insures the defendants excludes coverage for intentional torts).
This issue has been decided both ways. Knowling v. Hunt, 41 Conn. Sup. 389 (1990) permitted an insurance carrier to intervene under similar circumstances citing the interests of judicial economy in avoiding a second litigation. However, in the case of Robert Chenkus v. Brian Dickson, et al, 2 CTLR 260, New Haven J.D. (1990), the court denied an insurance carrier's request to intervene, even for the limited purpose of proposing interrogatories to the jury after approval of the trial court.
Travelers Insurance Company is not a necessary party to this suit and it is not entitled, as of right, to be made a party pursuant to Conn. Practice Book Sec. 99 and Conn. Gen. Stat. Sec. 52-107. The issues in controversy can be resolved without any involvement of the Travelers. Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Prod.,725 F.2d 871, [725 F.2d 871], (2nd Cir., 1984); Shelby Mutual Insurance Co. v. Walker, 12 CLt. N.G. 28 (1986); Stachelczk v. McCallum, 13 CLT 1 (1986).
This court is concerned about the potential prejudice to one or both of the defendants by the requested intervention. Assuming that the matter of insurance is kept from the jury, there is the likelihood of conflict between counsel for the defendants and the insureds. The need for trust between attorney and client is apparent. That attorney-client relationship is jeopardized when the carrier, with its monetary interest in the outcome, becomes involved in the underlying case. The reasoning of the court in Chenkus v. Dickson, supra, persuades the court that the motion to intervene should be denied.
KLACZAK, J.