[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 105)
The plaintiffs herein own property directly abutting, or in the immediate area of, a restaurant property leased by the defendant, R.S.R., LLC, (defendant or RSR).[1] The defendant filed an application for zoning approval for a permanent all-season enclosed structure over the rear deck of the restaurant. The application for this permit was approved by the zoning inspector, and, following an appeal by the plaintiffs, the zoning board of appeals upheld the zoning inspector's decision. The plaintiffs then filed this appeal to the Superior Court. In response to this CT Page 1924 appeal, the defendant, RSR, filed an answer, special defenses and a counterclaim, and the plaintiffs filed a reply to the special defenses as well as the instant motion to strike the counterclaim.
This restaurant has been a source of contention for some time. The defendant's counterclaim alleges that the plaintiffs had brought an action against the previous titleholders of the subject property in 1995, alleging certain violations of Norwalk's zoning regulations. The parties settled that lawsuit by entering into a settlement agreement. Between the time of the settlement agreement and the present time, the defendant alleges that it was the lessee of the subject property and a third party intended beneficiary of the agreement. The counterclaim alleges that the plaintiffs have brought three other actions, currently pending in Superior Court, that allege violations of the Norwalk zoning regulations. The defendant alleges that by pursuing these lawsuits, the plaintiffs have breached the settlement agreement. The defendant claims that it has been damaged because it has incurred expenses in defending various uses and structures which the plaintiffs had previously acknowledged had conformed to zoning. In the counterclaim the defendant seeks a preliminary and permanent injunction to enjoin the plaintiffs from pursuing their claims in the present zoning action, the three other pending actions, and also claims money damages. The plaintiffs now move to strike this counterclaim.[2]
The Practice Book § 10-39, however, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded. Pamela B. v. Ment, 244 Conn. 296, 325,709 A.2d 1009 (1998). See also Totino v. Zoning Board of Appeals,41 Conn. Sup. 390, 400, 570 A.2d 681 (1990) (a motion to strike is the proper legal mechanism when a party wishes to contest the legal sufficiency of the allegations of a complaint or of a prayer for relief).
The plaintiffs move to strike the counterclaim on the ground that it is improper to seek injunctive relief and damages in this zoning appeal. The defendant argues that the motion should be denied because the counterclaim is legally sufficient; that a counterclaim is permissible in an administrative appeal; and, the breach of the settlement agreement should be adjudicated in an action that breaches that agreement.
General Statutes § 8-8 governs zoning appeals, and it CT Page 1925 provides, in part, that a court "may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." General Statutes § 8-8 (I). There is no authority for any other kind of relief. Totino v. Zoning Board of Appeals v., supra, 41 Conn. Sup. 401. In the Totino case, an appeal from the decision of the ZBA, a defendant moved to strike a plaintiff's claims of monetary losses and prayers for injunctive relief. The court, invoking appellate authority, emphasized that the motion to strike "should also be granted on the authority of Cretaro v.Equitec Real Estate Investors, 6 Conn. App. 317, 505 A.2d 22
(1906), which holds that, if a plaintiff has an adequate remedy at law, an injunction should not issue. The Totino court reasoned that:
 "`The plaintiffs' right to Superior Court review of the [zoning board of appeals] decision is an adequate legal remedy. Id., 319.' To the same effect is Fisher v. Board of Zoning Appeals, 142 Conn. 275, 270, 113 A.2d 587 (1955). `[P]rayers for a temporary and permanent injunction . . . are not proper in an appeal. . . ." (Citation omitted.) Totino v. Zoning Board of Appeals, supra, 401.
In Fisher v. Board of Zoning Appeals, a plaintiff's action contained prayers for injunctive relief and for a declaratory judgment. The trial court had granted a motion to dismiss that was based upon the ground that the plaintiff's action was not an appeal. The Supreme Court disagreed with the trial court's characterization of the action, emphasizing that such prayers for relief did not convert the appeal into some other type of action. The court observed that "[s]uch prayers are not proper in an appeal" and "could not be granted in an appeal." Fisher v. Boardof Zoning Appeals, 142 Conn. 275, 278, 113 A.2d 587 (1955).
In its memorandum of law, the defendant observes that this is "the seventh civil action between the parties or their principals." (RSR Memorandum, p. 5). The defendant acknowledges that it is unusual for a counterclaim to be asserted in a zoning appeal, but that this is an unusual case because prior litigation was settled, and "the actions brought by the Plaintiffs herein are alleged to be in violation of that Settlement Agreement." (RSR Memorandum, p. 6) The defendant contends, therefore, that "[t]he claims of the [d]efendant . . . that these actions breach than Settlement Agreement ought to be adjudicated within these actions. (RSR Memorandum, p. 6). The defendant, however, has CT Page 1926 offered no authority, nor is this court aware of any, to support the contention that a counterclaim seeking injunctive relief and monetary damages should be permitted in a zoning appeal. As the court observed in Cretaro v. Ecuitec Real Estate Investors FundXII, 6 Conn. App. 317, 505 A.2d 22 (1986), "[t]he issues [here] appear to be no different from a myriad of other zoning disputes that are governed by the statutory appeal process set forth in General Statutes § 8-8." Id., 320. See also Colgan v.Stamford Zoning Board of Appeals, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 170844, (August 16, 1999, D'Andrea, J.) (entire counterclaim stricken andad damnum clause similary stricken because plaintiff has statutory right to bring appeal and claims for money damages impermissible in appeals from zoning board decisions).
Consequently, for all of the foregoing reasons, the plaintiffs' motion to strike RSR's counterclaim is hereby granted.
MELVILLE, J.