[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case in which plaintiff appeals a revocation of an order by the Commissioner of Environmental Protection ("Commissioner") and seeks equitable and declaratory relief, defendant moves to dismiss for lack of jurisdiction.
The facts are as follows. The plaintiff is a condominium association whose members are owners of residential units on land in East Windsor, Connecticut which is the subject of this suit. On March 29, 1996, the Commissioner, pursuant to Connecticut General Statutes § 22a-432, issued Order No. SRD-069 to thirteen respondents requiring them to investigate and prepare a plan to correct potential sources of pollution on land owned by members of the plaintiff condominium association and others. The respondents contested the issuance of the order and requested a hearing before the Commissioner pursuant to Connecticut General Statutes § 22a-436. The plaintiff condominium association was granted status as an intervenor. The plaintiff vigorously participated in the proceeding and sought to get the Commissioner to press for remediation by the respondents.
United Technologies Corporation filed an environmental investigation report revealing the existence of pervasive contamination and the need to demolish a building where twenty-one members of the condominium association lived. On June 19, 1998 the Department of Health issued a letter to DEP stating that the contamination at the parcel was harmful to human health, contaminated soil should be remediated, and residents should be relocated prior to initiating any large scale remedial activities. On June 30, 1998 the Commissioner wrote to the owners of the twenty-one units offering to purchase the twenty-one units with funds to CT Page 6262 be provided by the respondents. Negotiations ensued over the purchase price for the units but broke down over the price for the common elements of the association.
The plaintiff engaged in extensive discovery and vigorously opposed the postponement of hearings on Order No. SRD-069.
On May 6, 1999, the Commissioner issued a second offer to purchase the units at the price the owners paid to purchase them or at the fair market value determined by the 1995 East Windsor evaluation, whichever was greater, and to provide to the plaintiff association $200,000 to acquire the common elements. Hearings and pre-hearing conferences were postponed and rescheduled during negotiations. No agreement could be reached by the parties.
On August 25, 1999, the Commissioner, in a letter to the Director of the Office of Site Remediation and Restoration of the U.S. Environmental Protection Agency ("EPA"), requested that the EPA become the lead agency in the investigation and remediation of the subject parcel. On September 1, 1999, the defendant agency issued a notice of intent to revoke Order No. SRD-069. The plaintiff objected to the notice of intent to revoke and on September 23, 1999 the Commissioner revoked SRD-069 without a hearing being held on the matter.
The plaintiff appeals that revocation order and in this appeal also invokes § 22a-18 (a) and § 22a-18 (c) to claim equitable and declaratory relief.
The defendant moves to dismiss on three grounds: (1) the plaintiff has no standing because it is not aggrieved by the revocation order; (2) the revocation order was not made in a contested case; (3) the plaintiff is not entitled to declaratory and equitable relief in an administrative appeal.
Section 4-183 (a) provides that a person who is "aggrieved by a final decision" may appeal to the Superior Court. Accordingly, it is jurisdictionally required that for a plaintiff to have standing to bring an administrative appeal, the plaintiff must be aggrieved.
The defendant claims that the plaintiff is not aggrieved because it does not fall within the definition of § 22a-432. That section provides that the Commissioner may issue an order to any person, who has created a condition which reasonably can be expected to create a source of pollution, to take the necessary step to correct that potential source of pollution. The Commissioner issued its order SRD-069 pursuant to that section. The section goes on to provide "any person who receives
CT Page 6263 an order pursuant to this section shall have a right to a hearing and appeal" pursuant to the Uniform Administrative Procedure Act. (Underlining added). The defendant claims that since the plaintiff did not receive Order SRD-069, but rather appears herein as an intervenor it is not aggrieved within the meaning of § 22a-432.
The plaintiff responds by citing § 47-244 (a)(4) to the effect that a condominium association may "institute, defend or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community." The plaintiff clearly represents the interests of its unit owners in a manner which directly impacts the environmental condition of the unit owners and the common elements of the condominium.
Section 22a-19 (a) states, "In any administrative . . . proceeding and in any judicial review thereof, . . . any . . . association . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding of action for judicial review involves conduct which has or which is reasonably likely to have, the effect of unreasonably polluting impairing or destroying the public trust in the air, water or other natural resources of the state." Under controlling law, even those appealing an administrative decision who do not own or live on the property in question, who are neither parties or intervenors to the appealed order, have standing to appeal the administrative decision pursuant to Connecticut § 22a-19 (a). By plaintiff asserting that the action under judicial review involves conduct which is likely to have the effect of unreasonably polluting natural resources, it is statutorily aggrieved within the meaning of § 22a-19 (a) and thus has standing to bring this appeal. Mystic Marine Life Aquarium, Inc. v.Gill, 175 Conn. 483, 493 (1998); see also Red Hill Coalition, Inc. v.Conservation Commission, 212 Conn. 710, 715 (1989).
The second ground upon which the defendant seeks dismissal is that the revocation order of the commission is not a final decision. Section 4-166
(3) provides: "`final decision' means (A) the agency determination in a contested case, . . . ." Section 4-166 (2) provides: "`Contested case' means a proceeding . . . in which the legal rights duties or privilege of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . . ." Order SRD-069 required the respondents to retain qualified consultants, prepare a detailed written report of prior manufacturing processes on the site, submit a scope of study for an investigation of the contamination at the site, compile a report characterizing the existing and potential extent of contamination, detail an expeditious schedule for performing abatement and appropriate remedial action, for progress reports and sample analyses to aid in monitoring the cleanup. CT Page 6264
The Department of Environmental Protection Regulations provides: "The Commissioner may revoke an order at any time before a final, decision is issued, provided that he shall give notice to the staff, parties, and intervenors of his intent to revoke. Objections to revocation may be filed with the Commissioner within seven days of such notice." Significantly, that regulation does not require a hearing upon the issuance of a revocation order.
In Summit Hydropower Partnership v. Commissioner of EnvironmentalProtection, 226 Conn. 792 (1993) the plaintiff, which proposed to construct a hydroelectric facility in the town of Putnam, sought certification from the Commissioner of Environmental Protection that the proposed project was in compliance with federal and state water quality standards. The Commissioner denied the request for certification and the plaintiff appealed. The Appellate Court held that the plaintiff had standing to appeal. The Supreme Court reversed on the ground that there was no statutory provision for a hearing on the issue of certification and therefore the denial was not in a contested case. The Supreme Court stated its holding, at 226 Conn. 811-12, as follows:
 In summary, we read § 4-166 (2) as manifesting a legislative intention to limit contested case status to proceedings in which an agency is required by statute to provide an opportunity for a hearing to determine a party's legal rights or privileges. No such statute mandated that the Commissioner hold a hearing to determine the plaintiffs entitlement to § 401 certification. We conclude therefore that the proceeding in which plaintiffs request for such a certification was denied was not a contested case and was therefore not a final decision for which the plaintiff had a right to appeal pursuant to § 4-183
(a).
This court finds that case to be directly on point. Here no statute or regulation requires that the Commissioner hold a hearing before revoking its order nor was one held. The right of the parties to object to a revocation, as provided in RCSA 22a-3a-2 (m), does not constitute a right to a hearing.
Based on the authority of Hydropower Partnership v. Commissioner ofEnvironmental Protection, Id., this court concludes that the revocation order is not a final decision in a contested case and therefore this court lacks jurisdiction to hear the matter. CT Page 6265
Finally, the defendant moves to dismiss plaintiffs claims for declaratory and injunctive relief on the grounds that they cannot be properly joined in an administrative appeal. The plaintiff invokes § 22a-18a to the effect that "the court may grant temporary and permanent equitable relief, or may impose such conditions on the defendant as are required to protect the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction." The plaintiff also cites § 22a-18c to the effect that "if the agency's consideration has not been adequate . . . the court shall adjudicate the impact of the defendant's conduct on the public trust in the air, water or other natural resources of the state. . . ." In a statement of remedies sought, the plaintiff asks for "declaratory and equitable relief against further unreasonable pollution of the property at issue in the appeal;"
Our law is clear that prayers for a temporary and permanent injunction and for declaratory judgment, "are not proper in an [administrative] appeal. The suggested relief could not be granted in an appeal." Fisherv. Board of Zoning Appeals, 142 Conn. 275, 278 (1955). See also Willardv. West Hartford, 135 Conn. 303, 305 (1949) and New Haven v. New HavenWater Company, 132 Conn. 496, 516 (1946). The latest case is Beizer v.Department of Labor, 56 Conn. App. 347 (2000) in which, in an administrative proceeding, the labor department held that an employer had violated the antidiscrimination provision of the unemployment compensation statute by terminating an employee who claimed unemployment benefits. The employer appealed to the Superior Court. The employee was allowed to intervene as a defendant and filed a counterclaim for back wages. The Appellate Court dismissed the counterclaim on the grounds that it could not be considered in an administrative appeal. The reasoning of the court was while the court had subject matter jurisdiction of a claim for back wages, it did not have statutory authority under § 4-183. The court said, "Although the trial court sitting as the court of general jurisdiction may have the subject matter jurisdiction and authority to grant Lenge the relief he seeks, it does not have that authority when it sits as an appellate court pursuant to the [Administrative Procedures] Act." Id. At 363.
A further reason for dismissing plaintiff's claim for declaratory and equitable relief in this appeal is that the defendant agency has not heard evidence on those issues, and in an administrative appeal the court cannot hear additional evidence except in very limited situations not here present.
Based on the foregoing, defendant's motion to dismiss this appeal is granted for this court's lack of jurisdiction. CT Page 6266
Robert Satter Judge Trial Referee